## STATE ex rel. COM'RS of the LAND OFFICE v. GALYON, County Treas.

No. 22341.   Opinion Filed Jan. 19, 1932.

R. H. Couch and Haskell Paul, for plaintiff in error.

Dwight Malcolm, Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Comanche county, Okla., in favor of the defendant in error, defendant in the trial court, against the plaintiff in error, plaintiff in the trial court. Hereinafter the parties will be referred to as plaintiff and defendant.

The action was brought to enjoin a sale by the county treasurer of state owned real estate at a tax resale. A temporary injunction was granted, which was thereafter dismissed, and from which order of dismissal an appeal was taken to this court.

The record shows that the real estate in controversy was owned by an individual who mortgaged the same to the Commissioners of the Land Office to secure a loan made by them to him from the trust fund granted to the state of Oklahoma by the federal government. While the mortgage was in force and effect the real estate was assessed for taxation for the years 1927, 1928, 1929, and 1930. The mortgage was foreclosed by judgment in a court of competent jurisdiction and the Commissioners of the Land Office purchased the land at a sheriff's sale on foreclosure of the mortgage and received a sheriff's deed therefor. The property was advertised by the county treasurer for sale at a resale for taxes for the years 1927, 1928, 1929, and 1930, and the county treasurer intended to sell the same at said sale and to execute and deliver a resale tax deed therefor to the purchaser. To prevent that sale this action was instituted.

The trial court rendered a judgment in the form of an opinion in which it attempted to protect the rights of all of the parties, for which it is to be commended. However, it was mistaken in considering the issue as to the relation of the trust fund mortgage to delinquent taxes to the exclusion of what we consider to be the controlling issue. The controlling issue is whether or not a county treasurer may sell land for taxes at a tax resale when the legal title thereto has been conveyed to the Commissioners of the Land Office by a sheriff's deed on foreclosure of a mortgage given to secure a loan of trust funds granted to the state by the federal government. Since the Commissioners of the Land Office are not asserting a lien on the land, we do not consider it necessary to discuss the lien question, although that question is presented at length in the briefs of the parties. The Commissioners of the Land Office are asserting a title to the real estate, and we will consider herein only the one question, which is whether or not, under the facts shown by the record in this case, the county treasurer of Comanche county should be enjoined from advertising for sale and selling the real estate in question for taxes at a tax resale.

As a general rule all public property is

exempt from taxation, either by express exemption or by necessary implication. 37 Cyc. 865. All property of this state and of the counties and municipalities of this state is exempt from taxation. Section 6, art. 10, of the Constitution.

In Foster v. Duluth, 120 Minn. 484, 140 N. W. 129, that court said:

"We think, logically and reasoning from these premises, that it must be held that all proceedings taken after the property became public property were void, notwithstanding that the taxes for the current year may have been a lien on the property before its transfer. It by no means follows, as counsel for plaintiff insists it does, that, because there was a valid lien, the proceedings to enforce that lien were valid. Nor is it important here what becomes of the lien. We need not consider whether it still exists as an unenforceable lien, whether plaintiff is entitled to refundment, or whether the lien is merged in the fee title. All that is necessary to decide, and all that we do decide, is that all proceedings to assess the land for taxes, taken after it became public property, and all proceedings in attempting to enforce and collect the tax, were void."

We take that position with reference to the issue presented here.

The plaintiff cites and relies upon the decision of the Supreme Court of New Mexico (State v. Locke, 219 Pac. 790) and the cases therein cited, and since that decision is comprehensive, we will confine our further comment to it without specific reference to the many authorities therein cited. That action was to enjoin and to cancel a tax deed to real estate. The real estate was conveyed to the state under date of July 1, 1910, and the state remained the owner thereof. The defendant claimed some right under a tax deed which was issued under date of June 1, 1914, which purported to convey the property for nonpayment of taxes for the year 1909, the sale having been made after the state acquired title to the property. It was therein held that the property in question was freed and absolved from further liability for taxes previously assessed against it the moment the title thereto was acquired by the state, the first syllabus paragraph being as follows:

"Property which is acquired by the state in its sovereign capacity is thereupon absolved and freed of a further liability for the taxes previously assessed against it, and a subsequent sale thereof for such taxes is void."

The decision is based on a constitutional provision similar to our own and is supported by eminent authority. The rule therein stated is applicable to the conditions existing in Oklahoma and to the facts shown by the record in this case. It is herein applied.

We, therefore, hold that the real estate was acquired by the state in its sovereign capacity, and that, after the acquiring of the title thereto, the county treasurer of Comanche county had no legal authority to advertise the same for sale for taxes at a resale or to sell the same at such a sale. The trial court was in error in denying the petition of the plaintiff for an injunction.

The judgment is reversed and the cause is remanded to the district court of Comanche county, with directions to set aside its judgment and to grant a permanent injunction as prayed for by the plaintiff.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., concurs in conclusion. LESTER, C. J., and RILEY, J., absent.