CITY OF HARTSHORNE et al.
v. DICKINSON.

No. 34360.    Oct. 21, 1952.

*249 P. 2d 422.*

B. S. Null, City Atty., Hartshorne, for plaintiffs in error.

Ray G. Wilson, Co. Atty., Purcell, for defendant in error.

B. S. Null, Hartshorne, for plaintiffs in error.

R. G. Stevens, Purcell, for defendant in error.

PER CURIAM. This action was brought by plaintiffs, the city of Hartshorne, Oklahoma, a municipal corporation, and J. E. Layden, trustee, against Lee Dickinson, county treasurer of McClain county, Oklahoma, to recover the sum of $256.46, with the legal rate of interest thereon, from the 4th day of May, 1944, until paid, the same being for taxes paid under protest by the plaintiffs to the defendant on property claimed to be exempt.

The case was tried by the court without the intervention of a jury, and after the introduction of testimony by the respective parties the court entered judgment for the defendant. Plaintiffs appeal.

The petition filed by plaintiffs and the undisputed evidence upon which the case was tried discloses that the city of Hartshorne had on deposit in the First State Bank of Hartshorne, Oklahoma, the sum of $49,679.09, which represented the sinking fund, the general fund and other special funds of said city at the time said bank became insolvent. To secure said deposit certain collateral was pledged by the bank to secure the city's deposit. In lieu of filing a claim against said failed bank for the claim that the city had by reason of said deposit, under an agreement between the Bank Commissioner and the city of Hartshorne, which agreement was approved by the district court of Pittsburg county, Oklahoma, securities and collateral were turned over to said city and held in trust by J. E. Layden, trustee for said city. That among said securities turned over to said city was a certain mortgage given by J. B. McMurtrey, securing the payment of a promissory note in the sum of $3,570.93, which mortgage covered the lands in question in this case. That an action was brought in McClain county to foreclose this mortgage. That judgment was taken under stipulation and on the same day the judgment was taken the property here involved was conveyed to the plaintiff, J. E. Layden, as trustee, for the use and benefit of said city.

The testimony further discloses that J. E. Layden did not have at any time any personal interest in said lands but that it was the property of the city of Hartshorne, a municipal corporation.

The evidence of the county treasurer, Lee Dickinson, discloses that said property had been assessed for taxation on the tax rolls of McClain county and that the same had been advertised for resale, and on the day before said resale the city of Hartshorne, or J. E. Layden, trustee, paid the taxes, interest and penalty so charged against said lands for the purposes of keeping the same out of said resale. That the taxes were paid under protest, on the 4th day of May, 1944, and on the 29th day of May, 1944, this action was commenced in the district court by the plaintiffs to recover the amount of taxes paid under protest, plaintiffs alleging that the property involved was the property of the city of Hartshorne, a municipal corporation, and was not subject to taxation. To the second amended petition of plaintiffs the defendant filed his answer, being a general denial and plea of the statutes of limitation.

In support of his contention, the defendant introduced testimony showing that the records of the county clerk's office did not in any manner indicate that the city of Hartshorne owned, or claimed any interest in, the land involved, and that at the time the taxes were paid no notice was given the county treasurer of McClain county that the plaintiff in this action, the city of Hartshorne, owned any interest in said land or that suit would be filed against the treasurer of McClain county, Oklahoma, for the recovery of taxes paid.

1. According to the undisputed testimony in this record, the property in question was owned by the city of Hartshorne, Oklahoma, and the naked

legal title was held by J. E. Layden, as trustee, for the sole use and benefit of the municipality.

Section 6, art. 10 of the Constitution provides that:

"All property of the United States, and of this State, and of Counties and of Municipalities of this State * * * shall be exempt from taxation."

There is no mention of the use to which property of a municipality is put as a condition to its being nontaxable. The provisions of the Constitution are without condition or limitation. This would seem clearly to place it beyond the taxing authorities of McClain county to make a valid assessment or valid levy against this land for taxes. There is no more authority for taxing property belonging to a municipality than there is for taxing property of the United States or property of this state. State ex rel. City of Tulsa v. Mayes, Co. Treas., 174 Okla. 286, 51 P. 2d 266.

2. The defendant, county treasurer of McClain county, does not seriously contend that the property involved is taxable, but contends that this action was barred by the statutes of limitation in that the plaintiffs in paying the taxes under protest did not comply with 68 O. S. 1941 §§15.41, 15.49, that the statute provides plaintiffs with an adequate remedy at law by filing with the county board of equalization and appealing therefrom and that such remedy is exclusive. We cannot agree with this contention. The constitutional exemption as to those classes whose property is specifically exempt thereby is self-executing. In such case, the property so exempt is not subject to taxation and the tax assessed thereon is illegal and void and the Legislature by passing a law requiring certain procedure to be followed in asserting the exemption may not deprive the owner thereof and validate the illegal tax. Cox v. Dillingham, Co. Treas., 199 Okla. 161, 184 P. 2d 976. We hold that under the plain and unambiguous provision of our Constitution the property

involved in the case at bar was nontaxable. Since the exempt property is not subject to taxation the county treasurer had no authority to assess tax against it and the tax would not be rendered valid and the constitutional exemption nullified by failure to follow the statutory procedure.

The trial court should have rendered judgment for the plaintiffs, as prayed for in their petition.

Reversed, with directions to render judgment for plaintiffs.

This court acknowledges the services of Attorneys S. J. Clendinning, B. W. Tabor and George Carlson, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, and JOHNSON, JJ., concur.