H. G. CHAPMAN, County Treasurer, Glen E. Thompson, County Assessor, and the Board of County Commissioners of Tulsa County, Oklahoma, Plaintiffs in Error,

v.

DRAUGHONS SCHOOL OF BUSINESS, Inc., a Corporation, Defendant in Error.

No. 36601.

Supreme Court of Oklahoma.

July 5, 1955.

Rehearing Denied Sept. 27, 1955.

J. Howard Edmondson, Co. Atty., Donald D. Cameron, Asst. Co. Atty., Tulsa, for plaintiffs in error.

Poe, Murdock & Langford, Tulsa, for defendant in error.

DAVISON, Justice.

This suit for injunction was filed in the District Court of Tulsa County, Oklahoma, by the plaintiff, Draughons School of Business Inc. in an attempt to enjoin and restrain the defendants, H. G. Chapman, County Treasurer, Glen Thompson, County Assessor, and the Board of County Commissioners of Tulsa County, from proceeding to enforce the payment of certain taxes against a lot and building thereon because a part of the same was used for school purposes. The parties will be referred to as they appeared in the Trial Court.

The facts are not in dispute and the following statement, taken from the brief of defendant in error correctly outlines them, to-wit:

"In this case the County Assessor of Tulsa County, Oklahoma, assessed plaintiff's real property for ad valorem taxation for the years as of January 1, 1952, and January 1, 1953, as hereinafter stated. The property consists of land 53 feet in width fronting upon a public street and of a building located thereon containing a basement and three stories, the basement containing 2640 square feet and each of the first, second and third floors containing 5280 square feet. For each of said years the Assessor treated the basement as exempt, the first floor in its entirety as assessable, the second floor exempt and the third floor in its entirety as assessable. He treated the entire land valuation as assessable with no reduction because of the fact that a portion of the improvement was exempt.

"Evidence was presented at the trial showing that the plaintiff has been at all times organized for the purpose of and has conducted an educational institution, to-wit, a school commonly known as a business college, that the aforesaid property has been at all times used as follows: The basement of said

building as school classrooms, the front one-half of the first floor as business offices and rooms for said school, the second floor for school classrooms and the third floor for school dormitory. The rear half of the first floor has been rented to individuals for occupance as living quarters, most of them having been people connected with the school either in an instructional capacity or its field representatives of the school.

"Under these facts it was the contention of plaintiff that all of the property was exempt from ad valorem taxation, except possibly the value of one-half of the first floor, and that the valuation of the land was exempt in the same proportion that the exempt valuation of the building bore to the non-exempt valuation thereof.

"The court sustained plaintiff's position and on April 20, 1954, entered judgment against defendants enjoining them from attempting to collect ad valorem taxes upon the subject property for the years 1952 and 1953, respectively, except for the amounts representing the rear half of the first floor and the land valuation apportionable thereto." From that judgment defendants have appealed.

■ It has been determined in this jurisdiction that, by virtue of the provisions of Art. X, sec. 6 of the State Constitution, property used "exclusively" for school purposes is exempt from taxation. Board of Com'rs of Tulsa County of Tulsa Business College, 150 Okl. 197, 1 P.2d 351.

It has also been determined that,

" 'If part of the property is exempt it should not be valued as an entirety, but where the exempt and nonexempt portions are not physically separable it is proper to value the property as a whole and then deduct the value of the exempt portion. * * * ' ". Oklahoma County v. Queen City Lodge No. 197, I.O.O.F., 195 Okl. 131, 156 P.2d 340, 349.

The framers of the Constitution, probably, did not contemplate a situation in which one unit of real property would be used for two separate purposes or more definite provisions would have been made with regard to tax procedure dealing with it. A much stricter construction of the section than that adopted in the Queen City Lodge case above would have simplified the tax procedure but would have worked an untoward burden and hardship on the owners of such dual-purpose property. We, therefore, have reached the conclusion that such unit of real estate is taxable on an assessed valuation reflecting a reduction to the extent of the value of that portion of the property which is used for tax exempt purposes.

■ Looking then at the procedure here followed for relief, plaintiff takes the position that its remedy was by way of injunction and that it was not relegated to the procedure provided for in 68 O.S.1951 § 15.42 of appearing before the equalization board and appealing from its judgment if aggrieved thereby. Cited in support of that position are the cases of Cox v. Dillingham, 199 Okl. 161, 184 P.2d 976 and City of Hartshorne v. Dickinson, 207 Okl. 305, 249 P.2d 422, 424. In the cited cases, however, the entire unit of realty was used for a tax exempt purpose and no part of it was taxable. In holding that the Constitutional provision was self-executing and that injunctive relief against taxation was proper, it was said in the Hartshorne case, supra, that,

"Since the exempt property is not subject to taxation the County Treasurer had no authority to assess tax against it and the tax would not be rendered valid and the Constitutional exemption nullified by failure to follow the statutory procedure."

The above quotation immediately distinguishes the cited cases from the one now under consideration. Here, the property was subject to taxation. The taxing officials not only had authority but it was their duty to assess it and levy a tax thereon. The complaint resolves itself into an objection to the assessed valuation being allegedly in excess of the proportionate value of that part of the building used for non-tax exempt purposes. The relief

sought was not the striking of the property from the tax roll but, rather, it was the correction of the assessment. The plaintiff had a remedy provided by statute, 68 O.S.1951 § 15.42, whereby he could attack the alleged error in assessment. That remedy also carried with it the right of appeal, giving the plaintiff a full and adequate legal procedure for the protection of its rights. Such procedure was, by the provisions of 68 O.S.1951 § 15.49, exclusive and plaintiff had no other avenue open to it to attack the alleged error in assessment.

It "had a right to correct any error by invoking the jurisdiction of the equalization board as provided by statute and having neglected or refused to avail [itself] of that remedy, the court is without jurisdiction to exercise equitable powers to grant relief. Keaton v. Bonaparte, 174 Okl. 316, 50 P.2d 404." Lairmore v. Board of County Com'rs, Okmulgee County, 200 Okl. 436, 195 P.2d 762, 764.

The quoted rule has always been followed in this jurisdiction. It was expressed in the early case of Black v. Geissler, 58 Okl. 335, 159 P. 1124, 1126 in the following words,

> "The procedure provided by this act furnishes plaintiff with a plain, adequate, and speedy remedy for the correction of any error in the assessment or equalization of his property and for the recovery of any taxes which may be illegally assessed against him, and where such a remedy exists equity will not interfere by injunction with the levy and collection of the revenues of the state government." Smith v. Board of Com'rs, 26 Okl. 819, 110 P. 669; Garvin County v. Lindsay Bridge Co., 32 Okl. 784, 124 P. 324; Fast v. Rogers, 30 Okl. 289, 119 P. 241; Harris v. Smiley, 36 Okl. 89, 128 P. 276; Turner v. Ardmore, 41 Okl. 660, 130 P. 1156.

Under these rules plaintiff was not entitled to injunctive relief because of lack of jurisdiction of the trial court to grant it.

The judgment is reversed.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.

CORN, J., dissents.