REVENUE AND TAXATION
A taxpayer who fails to file a list of personal property which necessitates the County Assessor making his own independent evaluation which results, in the opinion of the taxpayer, in the assessment of property for ad valorem taxation otherwise exempt by Article X, Section 6A of the Oklahoma Constitution, may obtain a refund by following the appropriate procedures in Title 68 of the Oklahoma Statutes to obtain a hearing before the County Board of Equalization and thereafter appealing to the District Court if required. SimilarlY, a taxpayer assessed a penalty on property under the circumstances outlined above may obtain a refund of the penalty so assessed attributable to the exempt property if the statutory procedures are followed. The Attorney General is in receipt of your letter wherein you ask the following questions: "1. Whether a taxpayer, who has failed to file for or notify the County Assessor that part of his personal property is exempt from taxation under Article X, Section 6A of the State Constitution, is entitled to a refund of the property taxes paid on the exempt property? "2. Should the taxpayer be entitled to the refund of taxes paid on the exempt property, is he also entitled to refund of the delinquency penalty assessed against the exempt property for failure to meet with or file a list of personal property with the County Assessor?" As further background for the above questions you further inform this office that the taxpayer having failed to file a list of his personal property subject to ad valorem taxation the County Assessor was required to determine on his own the valuation of his personal property and having done so, the taxpayer thereafter paid the personal property ad valorem tax under protest. You further refer this office to the Supreme Court decision of Cox v. Dillingham, 199 Okl. 161,184 P.2d 976 (1947), wherein certain real property claimed to be exempt by the taxpayer was listed by him and claimed as exempt but the exemption was disallowed by the County Board of Equalization and rather than appeal such decision the taxpayer paid the tax under protest and sought a direct action to determine the tax void in the District Court. The County Assessor thereafter argued that the appellate procedure provided by law was exclusive and regardless of the taxable status of the property the suit should be dismissed for want of jurisdiction. In response to this argument our Court stated as follows: "We cannot agree with this contention. The constitutional ex emption as to those classes whose property is specifically exempted thereby is self-executing. 12 C.J. 133, page 736; 61 C.J. 385; section 385; 26 R.C.L. 316, section 277; 51 Am.Jur. 506, section 500. In such case the property so exempted is not subject to taxation, and the tax assessed thereon is illegal and void, and the Legislature, by passing a law requiring a certain procedure to be followed in asserting the exemption, may not deprive the owner thereof and validate the illegal tax." You further suggest by analogy that a taxpayer in the situation set forth in your questions should be able to obtain a refund regardless of the procedure whereby the exempt nature of the property is brought to the attention of the County Assessor. One of the aspects of the Court's decision was the fact that the constitutional provision providing for an exemption from ad valorem taxation was self-executing and indeed Oklahoma Constitution Article X, Section 6A
has been determined to be self-executing. See Appeal of Crescent Precision Products, Inc., Okl., 516 P.2d 275
(1973). However, the fact suggested by your questions are more nearly in line with the later decision of Chapman v. Draughons School of Business, Okl., 287 P.2d 903 (1955). The cited case involved a factual situation wherein real property was used partially for a tax-exempt purpose under Article X, Section 6 of the Oklahoma Constitution. An assessment was made which was in excess of that contemplated by the taxpayer as being appropriate for the portion of the building so used. The taxpayer thereafter filed a suit for injunctive relief to prohibit the County Treasurer from collecting the excess in tax relying in part on Cox et al. v. Dillingham, supra, in order to avoid the necessity of a hearing before the County Board of Equalization and appeal therefrom. In distinguishing the Cox et al. v. Dillingham decision from the case then pending, the Court said in part as follows: "Here the property was subject to taxation. The taxing officials not only had authority but it was their duty to access it and levy a tax thereon. The complaint resolves itself into an objection to the assessed valuation being allegedly in excess of the proportionate value of that part of the building used for non-tax exempt purposes. The relief sought was not the striking of the property from the tax roll but, rather, it was the correction of the assessment. The plaintiff had a remedy provided by statute, 68 O.S. 15.42 [68-15.42] (1951), whereby he could attack the alleged error in assessment. That remedy also carried with it the right of appeal, giving the plaintiff a full and adequate legal procedure for the protection of its rights. Such procedure was, by the provisions of 68 O.S. 1951 15.49 [68-15.49], exclusive and plaintiff had no other avenue open to it to attack the alleged error in assessment." Similarly, your first question appears to concern the responsibility of the taxpayer to file a list of his taxable personal property as required by 68 O.S. 2426 [68-2426](a) (1971). It is not suggested that all personal property of the taxpayer is exempt by reason of the Oklahoma Constitution, Article X, Section6A and thus it would appear that the Chapman decision is most appropriate. The taxpayer does have a duty to file a list of his personal property subject to ad valorem taxation and failing to do so, the County Assessor has the duty to determine the taxable personal property of the taxpayer from the best information available as required by 68 O.S. 2437 [68-2437] (1971). If there was an error in judgment by the County Assessor in determining the taxable status of the property by reason of the above-cited section or by reason of his authority to independently determine the taxable status of property given to him by 68 O.S. 2435 [68-2435] (1976), the taxpayer has the right and duty to obtain a hearing before the County Board of Equalization and thereafter appeal if necessary as provided by 68 O.S. 2461 [68-2461] (1971). Failure to follow these procedures which are mandatory would preclude him from obtaining a refund of monies which might otherwise have been recoverable, under the reasoning of the Chapman case, supra. Your first question should be answered as follows. A taxpayer who fails to file a list of his personal property as required by law may be able to obtain a refund of taxes payable which are exempt by reason of Oklahoma Constitution Article X, Section 6A of the proper procedures are followed in obtaining a hearing before the County Board of Equalization and appeal therefrom if required. Your second question similarly should be answered as follows. A taxpayer who is entitled to a refund of the taxes paid on exempt property would also be entitled, having followed the appropriate procedures, to a proportionate refund of any penalties paid as might be required by 68 O.S. 2431 [68-2431] (1971). It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A taxpayer who fails to file a list of personal property which necessitates the County Assessor making his own independent evaluation which results, in the opinion of the taxpayer in the assessment of property for ad valorem taxation otherwise exempt by Article X, Section6A of the Oklahoma Constitution may obtain a refund by following the appropriate procedures in Title 68 of the Oklahoma Statutes to obtain a hearing before the County Board of Equalization and thereafter appealing to the District Court if required. Similarly, a taxpayer assessed a penalty on property under the circumstances outlined above may obtain a refund of the penalty so assessed attributable to the exempt property if the statutory procedures are followed. (JAMES H. GRAY)