**Miles T. DAVIDSON, Appellant,**

v.

**John F. CANTRELL, Tulsa County, State of Oklahoma, Defendant,**

and

**City of Tulsa, Oklahoma, Intervenor/Appellee.**[1]

No. 78,522 [2].

Court of Appeals of Oklahoma, Division No. 1.

Dec. 14, 1993.

Rehearing Denied May 3, 1994.

---

1. Caption corrected per 20 O.S.1991 § 3002 and Rule 1.16(B), Rules of Appellate Procedure, 12 O.S.1991, Ch. 15, App. 2.

2. This case is related to No. 78,488, also decided this date, which involves the same parties but different property.

John A. Akey, Tulsa, for appellant.

Neal E. McNeill, Martha Rupp Carter, Tulsa, for appellee.

## MEMORANDUM OPINION

JONES, Presiding Judge:

Miles Davidson sought to purchase a certificate of tax sale on property owned by the City of Tulsa ["City"], and demanded the Tulsa County Treasurer issue him the certificate. When the county treasurer refused his demand, Davidson commenced this action against the treasurer for writ of mandamus to compel issuance of the certificate.

City acquired the property by warranty deed June 9, 1987, which was filed the following month. By that time, however, the property had already been assessed for 1987 ad valorem taxes. The Tulsa County Treasurer issued a tax sale certificate on October 3, 1988, reflecting non-payment of 1987 taxes.

The trial court initially granted the writ of mandamus, but allowed City to intervene to protect its interest in the property.[3] Davidson paid $770.40 in accrued taxes, costs, and

penalties, and the treasurer executed an assignment to Davidson in compliance with the writ. City then filed a motion for declaratory judgment, asserting the assignment was void. After hearing, the trial agreed and rendered a declaratory judgment to that effect. Davidson appeals.

We reach the same result here as in the related case involving these parties. Although we are here concerned with an assignment of the certificate of tax sale instead of a tax deed, we are compelled by the same authorities to hold that the county treasurer was not authorized to issue the certificate to Davidson, and the certificate is therefore void.

The Oklahoma Constitution provides: "[A]ll property ... of municipalities of this State ... shall be exempt from taxation ..." Okla. Const., Art. X, § 6.[4] A parallel legislative enactment has been codified since the statehood era. *See* R.L.1910, § 7303; *see now* 68 O.S.1991 § 2887(2).

■ The constitutional provision is self-executing. *City of Hartshorne v. Dickinson,* 207 Okla. 305, 249 P.2d 422, 424 (1952); *see Independent School District No. 9 v. Glass,* 639 P.2d 1233, 1238 (Okla.1982). The exemption is all-inclusive, and applies regardless of the use to which property is actually put. *Sublett v. City of Tulsa,* 405 P.2d 185, 198 (Okla.1965); *State ex rel. City of Tulsa v. Mayes,* 174 Okla. 286, 51 P.2d 266, 270 (1935).

Davidson contends the constitutional exemption is not implicated in this case, because the delinquent taxes were assessed when the property was in private hands, before the City acquired it. Davidson rests his arguments primarily on 68 O.S.1981 § 24232 [repealed],[5] which required a city,

---

3. In support of his request for mandamus, Davidson argued that the ad valorem tax statutes gave him the "absolute right" to purchase the county treasurer's interest, i.e., to obtain the certificate by assignment. *See* 68 O.S.1981 § 24313.1. Section 24313.1 was recodified in 1988 as 68 O.S. § 3108. Okla.Sess.Laws 1988, ch. 162, § 161.

4. Article X, § 6 has been amended three times by ballot measures in 1984, 1986, and 1992 without

change to the portion of the section quoted in the body of the opinion. The quoted language now appears in subsection (a). Okla. Const., Art. X, § 6 (1992).

5. Whenever ... a city ... acquires title to any real property for a governmental purpose between January 1 and October 1 of the tax year, such property shall be relieved of ad valorem tax for the remaining months of the year beginning with the first of the month next succeed-

upon acquisition of property, to deduct the accrued property taxes and a proportional share of the current-year taxes from the purchase price, and pay those sums over to the county treasurer.

■ We find the issue presented here is controlled by *State ex rel. Comm'rs of Land Office v. Galyon*, 154 Okla. 204, 7 P.2d 484 (1932). In *Galyon*, the Land Office sued for injunction against a county treasurer. The Land Office had acquired property previously owned by a private individual, who had defaulted on his mortgage to the Land Office. At the time the Land Office received a sheriff's deed following the foreclosure sale, the property taxes had remained unpaid for four years. The county treasurer advertised the property for tax resale, and the Land Office then commenced its action to enjoin the sale. The Oklahoma Supreme Court held that, once the state had acquired title to the property, "the county treasurer ... had no legal authority to advertise the same for sale for taxes at a resale or to sell the same at such a sale." *Galyon*, 7 P.2d at 486.

We find the following remarks by the *Galyon* court, in which the court quotes the Minnesota case of *Foster v. City of Duluth*, 120 Minn. 484, 140 N.W. 129 (1913), to be particularly apposite:

> "[I]t must be held that all proceedings taken after the property became public property were void, notwithstanding that the taxes for the current year may have been a lien on the property before its transfer. It by no means follows ... that, because there was a valid lien, the proceedings to enforce that lien were valid. Nor is it important here what becomes of the lien. We need not consider whether it still exists as an unenforceable lien, whether plaintiff is entitled to refundment, or whether the lien is merged in the fee title. All that is necessary to decide, and all that

we do decide, is that all proceedings to assess the land for taxes, taken after it became public property, and all proceedings in attempting to enforce and collect the tax, were void." We take that position with reference to the issue presented here.

*Galyon*, 7 P.2d at 485; *see Foster v. City of Duluth*, 140 N.W. at 131 [ellipsis in quotation added].

*Galyon* therefore represents a specific rejection of the position advanced by Davidson here. The result in that case is based solely on the exemption in Art. X, § 6.

The language of the constitutional exemption is unequivocal. *Oklahoma Industries Authority v. Barnes*, 769 P.2d 115, 120 (Okla. 1988). The exemption has been construed to render public lands immune from tax resale, and no legislative enactment can abridge or qualify that exemption.

> Property is never exempt from taxation except by special and definite provision of law. Unless the constitutional provision which grants the exemptions is self-executing, the Legislature may qualify, curtail or annul any exemption. Constitutional provisions which exempt certain classes of property or those which direct that the Legislature shall not tax designated property are self-executing.... The Legislature may not abridge or extend a constitutional provision which is a self-executing grant of power to the taxpayers if the provision is self-complete.... Nor may the Legislature require a certain procedure to be followed in claiming the exemption which will nullify the exemption and validate an illegal tax.

*Independent School District No. 9 v. Glass*, 639 P.2d at 1238 [footnotes omitted]. *See also State ex rel. City of Tulsa v. Mayes*, 174 Okla. 286, 51 P.2d 266, 268 (1935) ("[Art. X,

---

ing the date its acquisition for public purposes becomes a matter of public record, if the deed thereto was recorded prior to October 1; provided, however, that all·taxes assessed against such property prior to its acquisition shall be paid in full and there be paid a sum equal to one-twelfth (¹⁄₁₂) times the number of months that the property remained in private ownership of an amount estimated by the county treasurer of the county wherein the real prop-

erty lies to be substantially equal to the amount of tax which would have been or will become due and payable for the year had the real property not been acquired for public purposes. * * *

Section 24232 was repealed in 1988 upon recodification of the Ad Valorem Tax Code, and was replaced by a virtually identical provision, 68 O.S.1988 Supp. § 2940, which became effective January 1, 1992.

§ 6] would seem clearly to place it beyond the power of any authority in this state, including the Legislature and this court, to tax property owned by any municipality of this state. There is no more authority for taxing such property than there is for taxing property of the United States or the property of this state.").

■ Davidson's arguments relating to legislative power under Art. V, § 50, Okla. Const.,[6] are therefore misplaced, because, as noted above, the exemption for municipal property is a complete, self-executing constitutional provision which neither requires enabling legislation to be effective nor is subject to legislative diminution. Similarly, Davidson's claim that 68 O.S.1981 § 24232 may be applied so as to render City's exemption contingent upon payment of accrued ad valorem taxes is based upon the erroneous premise that City's exemption is subject to such legislative qualification.

We therefore hold the Tulsa County Treasurer had no authority to issue the certificate of assignment to Davidson. The certificate issued to Davidson on City's property is void.

The trial court correctly declared the certificate was issued in violation of Art. X, § 6. The judgment of the trial court is therefore affirmed.

AFFIRMED.

HANSEN, C.J., and ADAMS, J., concur.

---

6.  The cited provision states:
    The Legislature shall pass no law exempting any property withi[n] this State from taxation, except as otherwise provided in this Constitution.