2006 OK CIV APP 30

**CITY OF LAWTON, a municipal corporation, and State of Oklahoma ex rel. Oklahoma Department of Transportation, Plaintiffs/Appellees,**

v.

**Shirley DUNN, Defendant/Appellant,**

and

**John Doe, her spouse, if any, Defendant,**

and

**Comanche County Treasurer, Defendant/Appellee.**

**No. 101,170.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 6, 2005.

Certiorari Denied March 20, 2006.

Frank V. Jensen, Deputy City Attorney, Lawton, OK, for Appellee City.

Morris R. Bell, Oklahoma Department of Transportation, Oklahoma City, OK, for Appellee ODOT.

Carson M. Brooks, Robert J. Haupt, Toni H. Capra, James M. Barber, Haupt Brooks Vandruff, PLLC, Oklahoma City, OK, for Appellant.

Jerry C. Cude, Assistant District Attorney, Lawton, OK, for Appellee Treasurer.

Opinion by JOHN F. REIF, Presiding Judge.

¶ 1 This appeal concerns a dispute over the ownership of certain tracts of land that the City of Lawton and Oklahoma Department of Transportation acquired by condemnation in 1997. The dispute arose because ad valorem taxes were subsequently assessed against the tracts for 1999, and a certificate tax deed was ultimately issued to Shirley Dunn for her payment of such taxes when they became delinquent. Ms. Dunn has contended that the 1999 taxes were properly assessed and provide support for the certificate tax deed, because the City of Lawton and Oklahoma Department of Transportation did not file a copy of the condemnation judgment in the County Clerk's office prior to the assessment. The City of Lawton and Oklahoma Department of Transportation have essentially argued that the assessment was void, because the tracts became exempt from taxation in 1997 under Article 10, Section 6 of the Oklahoma Constitution. The trial court agreed with the position of the City of Lawton and Oklahoma Department of Transportation, and quieted their title to the tracts against Ms. Dunn's claim of ownership based on the certificate tax deed. For the reasons that follow, we affirm.

¶ 2 The Oklahoma Constitution expressly provides that "all property of this state, and of counties and municipalities of this state ... shall be exempt from taxation." Okla. Const. art. 10, § 6. "[This] constitutional provision is self-executing." *Davidson v. Cantrell,* 1993 OK CIV APP 192, ¶ 6, 876 P.2d 725, 726 (citations omitted).

¶ 3 One of the self-executing effects of this provision is that "all proceedings to assess the land for taxes, taken after it became public property, and all proceedings in attempting to enforce and collect [such] tax [are] void." *Id.* at ¶ 9, 876 P.2d at 727 (citing *State ex rel. Comm'rs of Land Office v. Galyon,* 1932 OK 39, ¶ 6, 7 P.2d 484, 485; *Fos-*

*ter v. City of Duluth,* 120 Minn. 484, 140 N.W. 129, 131 (1913)). In particular, "[t]he exemption ... render[s] public lands immune from tax resale, and no legislative enactment can abridge or qualify that exemption." *Davidson,* 1993 OK CIV APP 192, ¶ 11, 876 P.2d at 727.

¶ 4 The Oklahoma Supreme Court has further declared that "[t]he power to sell lands for taxes is dependent upon ... the property being subject to the tax for which it is sold." *Lind v. McKinley,* 1945 OK 239, ¶ 21, 161 P.2d 1016, 1019. "If [the land] is not subject to taxation, there is no power to sell." *Id.* (citations omitted). "A void tax defeats the power to sell." *Id.*

¶ 5 In the case under review, the tracts in question were exempt and not subject to ad valorem taxation after their acquisition by the City of Lawton and Oklahoma Department of Transportation in 1997. The purported assessment of ad valorem taxes against the tracts in 1999, and all proceedings in attempting to enforce and collect such taxes, were void. Such void taxes defeat any power on the part of the County Treasurer for Comanche County to sell the property and issue a valid certificate tax deed. Therefore, the certificate tax deed issued to Ms. Dunn did not vest title or any other interest in her.

¶ 6 Based on the foregoing, we hold the trial court properly applied the exemption of Article 10, Section 6 of the Oklahoma Constitution in quieting the title of the City of Lawton and Oklahoma Department of Transportation to the tracts in question. Accordingly, the trial court's judgment is affirmed.

¶ 7 AFFIRMED.

WISEMAN, J., and GABBARD, J., concur.