Dear Representative Martin:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Do the terms "tools" and "implements" as used in Article X, Section 6(A) of the Oklahoma Constitution refer to household items or do they refer to non-household items such as farm tools and implements?
Article X, Section 6(A) of the Oklahoma Constitution exempts certain property from ad valorem taxation. Section 6(A) provides in pertinent part as follows:
 A. Except as otherwise provided in subsection B of this section, all property used for free public libraries, free museums, public cemeteries, property used exclusively for nonprofit schools and colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States except property for which a federal agency obtains title through foreclosure, voluntary or involuntary liquidation or bankruptcy unless the taxation of such property is prohibited by federal law; all property of this state, and of counties and of municipalities of this state; household goods of the heads of families, tools, implements, and livestock employed in the support of the family, not exceeding One Hundred Dollars ($100.00) in value, and all growing crops, shall be exempt from taxation: Provided, that all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law.
Id. (emphasis added).
As a result, Article X, Section 6(A) provides a one-hundred dollar exemption for "household goods of the heads of families, tools, implements, and livestock employed in the support of the family." The exemption is self-executing and requires no legislative action for it to take effect. "Constitutional provisions which exempt certain classes of property or those which direct that the Legislature shall *Page 2 
not tax designated property are self-executing. These provisions are operative without supplemental or enabling legislation." Indep. Sch.Dist. No. 9 v. Glass, 639 P.2d 1233, 1238 (Okla. 1982) (footnote omitted). The Oklahoma Supreme Court has consistently held that Article X, Section 6 is self-executing. See Muskogee Fair Haven Manor PhaseI, Inc. v. Scott, 957 P.2d 107, 112 (1998); Presbyterian Hosp., Inc. v. Bd.of Tax-Roll Corr., 693 P.2d 611, 617 (1984); City of Hartshorne v.Dickinson, 249 P.2d 422, 424 (1952); Cox v. Dillingham, 184 P.2d 976, 980
(1947).
You ask whether the exemption for "tools [and] implements . . . employed in support of the family" is limited to household items such as toasters and microwave ovens, or whether it refers to non-household items such as farm tools implements. The answer to your question is found in the plain language of the provision in question. The syntax of the provision shows that "household goods of the heads of families" is distinct from "tools," "implements" and "livestock." If "tools" and "implements" merely referred to household items already covered by "household goods," then their inclusion in the exemption would be redundant and unnecessary. As a result, "household goods of the heads of families," "tools," "implements" and "livestock" refer to four distinct categories of property; the latter three categories must be "employed in the support of the family" to qualify for the exemption.
Attorney General Opinion 95-7 addressed the nature of the first and fourth classes of property, namely, household goods and livestock. In Opinion 95-7 we concluded that "household goods of the heads of families" referred to "all items of personal property contained within the household of every person maintaining a home." Id. at 11. We further concluded that "livestock employed in support of the family" refers to livestock owned by individuals or families but does not include livestock owned by a business. Id. at 10.
The terms "tools" and "implements" are not defined in Article X, Section 6(A). However, the term "implement" is used frequently in statutes as "farm implements," "agricultural implements" or "implements of husbandry."[1] For example, a "farm tractor" is defined in the Ad Valorem Tax Code as an "implement."[2] Indeed, the constitutional provision in question lists "growing crops" as a class of exempt property, thus strengthening the interpretation of "implement" as including farm machinery. As a result, the term "implements" can refer to farm equipment and machinery such as tractors. *Page 3 
The language of Section 6(A) provides the scope of property covered by "tools" and "implements." The provision partially exempts from taxation "household goods of the heads of families, tools, implements, and livestock employed in the support of the family." Again, the syntax of the clause provides guidance. "Household goods" are clearly demarcated as property owned by the heads of families. Tools, implements and livestock are modified by "employed in the support of the family." As we determined in A.G. Opinion 95-7, "employed in the support of the family" with regard to livestock means livestock owned by individuals or families, but does not include livestock owned by businesses. Id. at 10. The same analysis applies to "tools" and "implements." As a result, the terms "tools" and "implements" apply to property other than household items, which is owned by individuals or families but does not include property owned by businesses. Tools and implements employed in the support of the family could include farm equipment and machinery. However, whether any particular piece of property is a tool or implement within the scope of the Section 6(A) exemption is a question of fact and beyond the scope of an Opinion of the Attorney General. 74 O.S. 2001, § 18b[74-18b](A)(5).
 It is, therefore, the Official Opinion of the Attorney General that:
 The terms "tools" and "implements" as used in the ad valorem tax exemption created at Article X, Section 6(A) of the Oklahoma Constitution refer to personal property employed in the support of the family but do not include household items of heads of families. Tools and implements employed in the support of the family can include farm equipment and machinery owned by individuals and families, but do not include property owned by businesses. Whether any particular property is a tool or implement within the scope of the Article X, Section 6(A) exemption is a question of fact and beyond the scope of an Opinion of the Attorney General. 74 O.S. 2001, 18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRANT E. MOAK ASSISTANT ATTORNEY GENERAL
[1] See 47 O.S. 2001, § 1-125[47-1-125] (implement of husbandry); 11 O.S.Supp. 2007, § 21-109[11-21-109] (agricultural implements).
[2] Title 68 O.S. 2001, § 2809[68-2809](B) defines "farm tractor" as follows:
 B. The term farm tractor as used in this section and in the Ad Valorem Tax Code is hereby defined to be any motor vehicle of tractor type designed and used primarily as a farm implement for drawing plows, listers, mowing machines, harvesters, and other implements of husbandry on a farm, or any motor vehicle of tractor type used for the purpose of hauling farm products, by the producer thereof, from farm to farm, or from farm to market.
Id. (emphasis added) (footnote omitted). *Page 1