IN THE MATTER OF THE ASSESSMENT FOR TAX YEAR 2012 OF CERTAIN REAL PROPERTIES



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF THE ASSESSMENT FOR TAX YEAR 2012 OF CERTAIN REAL PROPERTIES

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF THE ASSESSMENT FOR TAX YEAR 2012 OF CERTAIN REAL PROPERTIES
2019 OK CIV APP 2
Case Number: 115701
Decided: 04/06/2018
Mandate Issued: 01/16/2019
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2019 OK CIV APP 2, __ P.3d __

 
IN THE MATTER OF THE ASSESSMENT FOR TAX YEAR 2012 OF CERTAIN REAL PROPERTIES OWNED BY CLIFTON THRONEBERRY AND E.W. CROWE, TRUSTEES OF PIPELINE INDUSTRY BENEFIT FUND AND LOCAL NO 798 JOURNEYMEN AND APPRENTICES PLBG & PIPEFITTING:
CLIFTON THRONEBERRY AND E.W. CROWE, TRUSTEES OF PIPELINE INDUSTRY BENEFIT AND LOCAL NO 798 JOURNEYMEN AND APPRENTICES PLBG & PIPEFITTING, Petitioners/Appellees,
v.
KEN YAZEL, TULSA COUNTY ASSESSOR, Respondent/Appellant,
and
TULSA COUNTY BOARD OF EQUALIZATION, TULSA COUNTY BOARD OF TAX ROLL COLLECTIONS, and TULSA COUNTY TREASURER, Respondents.
APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA
HONORABLE LINDA G. MORRISSEY, JUDGE
AFFIRMED
Thomas G. Potts, David T. Potts, JAMES, POTTS & WULFERS, Tulsa, Oklahoma, and
Kelly F. Monaghan, Lori Gilliard, HOLLOWAY, MONAGHAN, KING, Tulsa, Oklahoma, for Petitioners/Appellees,
Leisa S. Weintraub, TULSA COUNTY ASSESSOR'S OFFICE, Tulsa, Oklahoma, for Respondent/Appellant.
Bay Mitchell, Judge:
¶1 Respondent/Appellant Ken Yazel, Tulsa County Assessor (Assessor) appeals from a journal entry of judgment entered in favor of Petitioners/Appellees Clifton Throneberry and E.W. Crowe, Trustees of Pipeline Industry Benefit Fund (PIBF) and Local No.798 Journeymen and Apprentices PLBG & Pipefitting (Local 798) (collectively, Property Owners). At issue before the court was the ad valorem tax assessment of two parcels in Tulsa County for the years 2012--2015. Property Owners claimed they were entitled to an exemption because the properties were used exclusively for a nonprofit school. We find no reversible errors of law and competent evidence to support the trial court's ruling. Accordingly, we affirm.
¶2 The property at issue in this case consists of two parcels in Tulsa, Oklahoma. The first parcel (the 8400 Property) includes two buildings. One building houses the Local 798 Training Center, which provides education and training in the vocation of welding (the Training Center). The other is the PIBF administrative building (the Administrative Building), where PIBF employees handle matters for the Training Center, as well as three other trust or benefit funds. The second parcel (the 8330 Property) includes three buildings. The first building stores welding material and supplies and provides space for overflow instruction; the second stores materials, supplies, and equipment used in the Training Center; and the third contains lathes where "coupons" (samples) are prepared for the students to use in their training.
¶3 Both parcels had been granted an exemption from ad valorem taxes since at least 1970. In 2012, the Assessor revoked Property Owners' tax exemption, based in part on information obtained by his staff through a cursory tour of the properties. Property Owners appealed to the Tulsa County District Court pursuant to 68 O.S. 2011 §2880.1(A) after formal appeals to the Tulsa County Board of Equalization were denied. After a non-jury trial, the court found that the 8330 Property is used exclusively to serve a nonprofit school and thus was entirely exempt from ad valorem taxation under the Oklahoma Constitution. The court found further the Training Center on the 8400 Property was completely exempt but the Administrative Building was only 25% exempt because it serves other non-exempt functions.[1] The trial court ordered the Tulsa County Treasurer to refund all of the ad valorem taxes Property Owners had paid under protest for the 8330 Property and a portion of the amounts paid on the 8400 Property.
¶4 This case involves mixed questions of fact and law. "In a non-jury trial the court's findings [of fact] are entitled to the same weight and consideration that would be given to a jury's verdict. The trial court's findings will not be disturbed for insufficient evidence if there is any competent evidence -- including reasonable inferences [derivative of] the same -- to support them." Soldan v. Stone Video, 1999 OK 66, ¶6, 988 P.2d 1268, 1269 (footnotes omitted). Questions of law, of course, are reviewed de novo. Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841, 845 (citation omitted).
¶5 The Oklahoma Constitution provides, in part, that "property used exclusively for nonprofit schools or colleges . . . shall be exempt from taxation[.]" Okla. Const. Art. 10, §6(A). Title 68 O.S. 2011 §2887(3) also provides that "All property of any college or school, provided such property is devoted exclusively and directly to the appropriate objects of such college or school within this state and all property used exclusively for nonprofit schools and colleges" shall be exempt from ad valorem taxation.
¶6 Assessor contends the Training Center is not a nonprofit school as contemplated by the provisions above. "Nonprofit school" has not been defined by statutes or case law. Assessor acknowledges that the Training Center provides education and is considered an exempt nonprofit organization by the IRS. Assessor claims, however, that serving an educational purpose is not sufficient to qualify as a school. In support of this argument, Assessor cites to definitions of "public school" and "private school" located in unrelated areas of the Oklahoma statutes. See 70 O.S. 2011 §§1-106 and 21-101(2). Assessor also relies on a New Jersey case which adopted a narrow definition of school. See New Jersey Carpenters Apprentice Training & Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 685 A.2d 1309 (1996). Assessor further points to several facts which, according to Assessor, support finding the Training Center is not an exempt school: Assessor notes there is no evidence that the Training Center is accredited or licensed as a school or college and discusses the ownership of the property, the Training Center's relationship to The United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, and the sources of funding for the Training Center.
¶7 Assessor, however, cites to no Oklahoma authority requiring a narrow definition of "school." Nor does Assessor cite to any law providing that the factors Assessor mentions are relevant to determining whether a property is being used exclusively as a nonprofit school. Rather, the Oklahoma Supreme Court has consistently held that "used exclusively" in Article 10, §6 means "the use to which the property is dedicated and devoted." See In re Real Prop. of Integris Realty Corp., 2002 OK 85, ¶9, 58 P.3d 200, 203-04; Immanuel Baptist Church v. Glass, 1972 OK 79, ¶12, 497 P.2d 757, 760; Cox v. Dillingham, 1947 OK 250, ¶9, 184 P.2d 976, 978 ("It is immaterial what name the institution, organization, or society may bear, or who may own the property in question. But it is the use to which the property is dedicated and devoted which constitutes the test as to whether it is exempt.").
¶8 The evidence at trial established that the Training Center maintains a written curriculum, including a fourteen-week class schedule which is offered three times a year. Students are instructed utilizing standard industry textbooks and hands-on training. The school has five instructors with a minimum of seventeen years of expertise. Successful students receive a certificate of completion at the end of the fourteen-week course. There is no requirement that students applying to the Training Center be a member of any union; rather, the Training Center is free and open to the public. Students who complete training are not required to work for union employers. The record demonstrates that the property is "dedicated and devoted" to instructing students in the vocation of welding. Accordingly, the trial court did not err by finding the Training Center qualifies as a "nonprofit school" under Article 10, §6 and 68 O.S. 2011 §2887(3).
¶9 In a related argument, Assessor argues the Administrative Building is not used exclusively as a nonprofit school or college. Assessor notes that, of the twenty-six employees who work in the Administrative Building, there is no employee who is exclusively designated to work for the Training Center. Assessor acknowledges, however, that in Oklahoma, "If part of the property is exempt it should not be valued as an entirety, but where the exempt and nonexempt portions are not physically separable it is proper to value the property as a whole and then deduct the value of the exempt portion." Chapman v. Draughons Sch. of Bus., 1955 OK 206, ¶4, 287 P.2d 903, 905. Assessor failed to convince the trial court that the lack of an employee dedicated solely to the Training Center renders the trial court's ruling awarding a partial exemption erroneous. We find no error in that regard.
¶10 AFFIRMED.
SWINTON, P.J., and GOREE, V.C.J., concur.
FOOTNOTES
[1] The trial court found that the total assessed value of the Training Center included the assessed value of the building plus one-half of the assessed value of the land, the total of which equals 69% of the total assessed value of the 8400 Property. The taxable assessed value for the Administrative Building also included the assessed value of the building plus one-half of the assessed value of the land, the total of which equals 31% of the total assessed value of the 8400 Property. Accordingly, the 25% tax exempt amount for the Administrative Building was 7.75% (31% x 25%) of the total assessed value of the Administrative Building.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA