ROYALPARK–MOORE, a limited partnership, Appellee,

v.

James P. HUBBARD, Appellant.

No. 43754.

Supreme Court of Oklahoma.

Feb. 20, 1973.

Charles W. Stubbs, Oklahoma City, for appellant.

Russell D. Bennett, Legal Intern, and William J. Robinson, of Shirk, Withington, Work & Robinson, Oklahoma City, for appellee.

IRWIN, Justice.

Appellee, Royalpark-Moore, a limited partnership (plaintiff) recovered a judgment for $116.00 and an attorney's fee against defendant, James P. Hubbard, under the Small Claims Procedure Act (12 O.S.1971, §§ 1751–1769). Defendant appealed.

Plaintiff sought to recover $206.00 for past due rent. Defendant filed an answer and also filed a motion requesting the court to strike the cause from the trial docket and place it on the next available jury docket. On the date set for trial defendant renewed his request for a jury and at that time deposited $25.00. The trial court denied defendant's request for a jury and the matter was submitted to the court over defendant's objections.

Defendant first contends the trial court erred in denying him a jury trial.

12 O.S.1971, § 1761, provides that actions under the Small Claims Procedure Act shall be tried to the court; provided, however, if either party wishes a trial by jury, he must notify the clerk of the court in writing at least forty-eight (48) hours before the time set for the defendant's ap-

pearance and must deposit with said notice with the clerk $25.00.

 The above statute is clear and unambiguous and since defendant failed to deposit the $25.00 within the time therein required, defendant was not entitled to a jury trial. Defendant's argument that the trial court misconstrued 12 O.S.1971, § 1757, in denying his request for a jury trial overlooks the import of that section. Sec. 1757, relates to the transfer of actions from the small claims docket to another docket and not to the procedure for obtaining a jury trial which is provided for in § 1761, supra. The trial court did not err in denying defendant's request for a jury trial.

12 O.S.1971, § 1751, provides that certain actions may be brought under the Small Claims Procedure Act where the amount sought to be recovered, exclusive of attorney's fees and other court costs, does not exceed $400.00. Defendant contends that "insofar as the Small Claims Procedure Act appears to fix the rights of jury trial in excess of $100.00 and up to $400.00", it contravenes Art. 2, § 19, of the Constitution.

Art. 2, § 19, of the Constitution provides the right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed $100.00. Defendant argues that by virtue of this constitutional provision, he had the right to a jury trial in any action involving more than $100.00 without making demand for that right.

The Small Claims Procedure Act does not preclude the right of trial by jury but § 1761 of the Act prescribes the procedure to be followed before a party is entitled to a jury trial. Does the constitutional language "the right of trial by jury shall be and remain inviolate" preclude the Legislature from prescribing the procedure for obtaining a jury trial before a party is entitled to that right?

Stedman v. State Highway Commission, 174 Okl. 308, 50 P.2d 657, involved an action to recover consequential damages alleged to have resulted from the taking of Stedman's land for highway purposes. State was

granted a jury trial and on appeal Stedman contended this constituted reversible error because State did not demand the jury trial in the manner and within the time prescribed by statute.

Art. 2, § 24, of the Constitution provides for the right of trial by a jury when private property has been taken for a public use. In the Stedman case we sustained Stedman's contention that State was not entitled to a jury trial because it had made no demand for a jury trial within the time allowed by law.

In Barnes v. Smith, 179 Okl. 71, 64 P.2d 1217, we held that a statute which merely provided a means in a designated class of cases whereby the right to a jury may be exercised at the option of a party willing to bear the expense, notwithstanding the exhausted or depleted status of the court fund, did not in any way infringe upon existing rights of a jury trial.

The above cases support the proposition that Art. 2, § 19, of the Constitution does not preclude legislative action in prescribing a procedure to be followed in obtaining a jury trial. Oklahoma seems to be in harmony with the general rule of other states.

In State v. Furth, 5 Wash.2d 1, 104 P.2d 925, the Supreme Court of Washington in construing its constitutional language that the "right of trial by jury shall remain inviolate" said the word "inviolate" does not prohibit modification of the details of administration which does not affect enjoyment of the right of trial by jury. In Carlile v. Continental Oil Company, 81 N.M. 484, 468 P.2d 885, the court said that it is established by the weight of authority that a constitutional guaranty of the right of trial by jury does not preclude the adoption of reasonable rules providing that a litigant shall not be entitled to a jury trial unless he makes demand within the time and manner specified by the rule. As authority for the above statement, the Washington Court cited 64 A.L.R.2d 506, at page 513, wherein this language is employed: "It is generally recognized that a constitutional guaranty of

trial by jury does not preclude a legislature from providing that in civil actions a party shall not be entitled to a trial by jury unless he makes a demand therefor within the time and in the manner provided by statute, or by rule of court as authorized by statute."

The Small Claims Procedure Act provides a vehicle for expediting litigation involving small claims at a minimal cost to the litigants. Under § 1761, a litigant is not entitled to a jury trial unless he notifies "the clerk of the Court in writing at least forty-eight (48) hours before the time set for the defendant's appearance and must deposit with said notice with the clerk Twenty-five Dollars ($25.00)." This provision does not preclude a litigant the right of trial by jury but simply prescribes the procedure for obtaining a jury trial. The procedure is not unreasonable.

 We hold that the Small Claims Procedure Act which prescribes a party litigant must do certain things within a certain time before he is entitled to a jury trial does not contravene Art. 2, § 19, of the Constitution.

 Lastly, defendant contends the trial court did not have jurisdiction to hear this action because plaintiff's affidavit was not properly prepared.

Defendant argues this affidavit was prepared by plaintiff's attorney and there was no statement attached that reflects compliance with 12 O.S.1971, § 292. This section applies to an affidavit made by the agent or attorney and not by the party himself. It specifies four conditions when the affidavit can be made by the agent or attorney.

Prior to trial plaintiff was granted permission to amend the affidavit to comply with § 292. 12 O.S.1971, § 317, provides the court may, in the furtherance of justice, permit the amendment of any pleading if such amendment does not substantially change the claim or defense. Defendant does not argue that the amendment of this affidavit substantially changed the claim or defense. See Note 19, relating to amendment of affidavits under § 317, supra.

The trial court properly exercised its discretion under § 317, in allowing the amendment of this affidavit so it would conform with the requirements of § 292.

Judgment affirmed.

All the Justices concur.