**Mickey Lee DRAKE, Appellant,**

v.

**Imogene DRAKE, Appellee.**

No. 52306.

Supreme Court of Oklahoma.

Oct. 31, 1978.

James M. Munn, Sand Springs, for appellant.

Daniel S. Buford, Tulsa, for appellee.

BARNES, Justice:

Currently under consideration in this case is a Motion for Summary Reversal by Appellant, Mickey Lee Drake. Drake appeals from a decree of divorce, specifically attacking the provisions of the decree which awarded his ex-spouse, Imogene Drake, Appellee, support alimony.

In his petition in error, Drake, among other grounds, complained that there was insufficient evidence to support a judgment for support alimony.

In designating the record, Drake designated the petition, the answer, and the decree of divorce. No portion of the transcript was designated. However, Drake did designate a statement by him specifying the material facts which were not proven. In making such designation, Drake was attempting to avail himself of the provisions of Rule 1.21 of the Rules of Civil Appellate Procedure, at 12 O.S.1971, Ch. 15, App. 2.[1] Under the provisions of that Rule, an Appellant seeking reversal on the grounds that there was insufficient evidence to support the verdict and judgment need not designate a portion of the transcript, but instead may serve on the adverse party a statement specifying the material facts which Appellant alleges were not proven. Upon receipt of such a statement, the adverse party, within the time allowed, must then designate the portions of the record which established proof of the specific facts alleged not to have been proven. If such a designation is not made within the time prescribed, the Appellant may, pursuant to the provisions of the Rule, move for summary reversal in this Court.

In the case before us, Drake served upon his opponent a statement specifying the facts which he alleged were not supported by sufficient evidence. In that statement, he listed three "facts" which were allegedly not proven:

1. No evidence was adduced to show a *need* for alimony.

2. *No pleading* contains a request by defendant for alimony.

3. No facts were presented to show *fault* on the part of the Appellant.

No response was ever made to the statement, and the ten days in which to respond have long since passed. Thus, Appellee failed to make the responsive designation permitted under Rule 1.21. Based upon this failure, Drake now moves for summary reversal in this Court.

Under the provisions of Rule 1.21, an Appellant is entitled to seek a summary reversal, if no response to his statement is timely filed. *A summary reversal is, of course, contingent upon an assumption that the "facts" alleged not to have been proven are facts material to the outcome of the litigation.*

Appellee, in her response to the Motion for Summary Reversal, argues that the facts alleged not to have been proven are not facts material to the outcome of the litigation, for she was entitled to an award of support alimony whether or not the stated "facts" were proven.

█ Although Appellant has made no attempt to demonstrate to this Court that the "facts" alleged not to have been proven are

1. Rule 1.21 of the Rules of Civil Appellate Procedure provides:

"If the party taking an appeal asserts as a ground for reversal that the evidence is insufficient to support the verdict or judgment, he need not designate for transcription *any* of the evidence in the case, but instead he may serve on the adverse party a statement specifying the material facts which he alleges were not proved. Within ten days after the receipt of such statement the opposite party shall file in the trial court, mail to the other parties in the case (or their counsel) and give to the court reporter a statement designating for transcription so much of the evidence as he relies upon

to establish proof of the specified facts, at the cost of the appellant. If more evidence than necessary is designated for transcription, the trial court shall order the designated portions abbreviated or direct that the excess be transcribed at the cost of the designating party. The provisions of Rule 1.20(c), (d) and (e) shall apply to transcripts sought to be procured under this Rule. On failure of a party who did not appeal to designate for transcription, within the time limit provided herein, the evidence relied upon to establish the specified facts, appellant may move in this court for summary reversal of the decision sought to be reviewed."

material facts, we need not consider whether the allegations were material, for, under the facts presented, we do not believe it would be equitable to grant summary reversal. Appellant, in filing his statement, did not make mention of Rule 1.21, nor did he indicate that reliance upon that Rule was being sought. As Rule 1.21 is seldom used, and as we have never considered that Rule in any opinion, we believe it would be inequitable to permit the Appellant to rely on that Rule, when his pleadings do not indicate he was proceeding under it, nor that a counter-designation under that Rule was required. For this reason, we hold that when litigants seek to use Rule 1.21, they must in their statement make specific reference to that Rule, indicating that a designation from Appellee is required to be filed within ten days, and that failure to file such a designation may result in summary reversal.

For the above stated reasons, we hold that, under the facts presented, it would be inequitable to grant a summary reversal in favor of Appellant. In so holding, we make no determination of the merits of the case. Since the case is to proceed in this Court for consideration on the merits, we grant Appellant fifteen (15) days from the·date of this opinion in which to file an amended designation of record, if desired, and we grant Appellee ten (10) days thereafter in which to file any necessary or desired counter-designation.

MOTION FOR SUMMARY REVERSAL DENIED.

All Justices concur.