OPINION OF THE COURT
Paul H. Blaustein, J.
The question presented is whether the unavailability of a transcript of a small claims trial, for purposes of appeal, because of difficulty in transcribing from a tape recording, is grounds for a new trial.
This small claim action involves a claim by plaintiff, a tenant of the defendant landlord, that her table was damaged by water leaking through a light fixture on her ceiling. Trial was before the court at a regular Wednesday evening session which hears small claim matters.
Judgment was entered for the plaintiff in a total amount of $107. Defendant had appeared pro se in the trial but retained an attorney for the appeal. A notice of appeal was filed shortly after judgment was entered. After the notice of appeal was filed, defendant’s counsel ordered a copy of the transcript. The *180 clerk of this court advised that it would be very difficult to provide a complete verbatim transcript based on the contents of the tapes.
Defendant has now moved to vacate the judgment and to grant a new trial on the grounds that a transcript of the original trial is unavailable.
This court has adopted the practice of allowing small claim trials to proceed in the evening without having a stenographer present. A tape recording is made pursuant to section 1802 of the Uniform City Court Act (UCCA). This statute reads in part: "No rule to be enacted pursuant to this article shall dispense with or interfere with the taking of stenographic minutes of any hearing of any small claim hereunder, except that in cities with a population of fífty thousand or less hearings may be recorded mechanically.” (Italics added.) White Plains qualifies as a city with a population of 50,000 or less. Stenographer costs can be excessive considering the small claim amounts involved, and this statute allows certain local governments to take advantage of financial savings that may be realized.[1]
This court holds that the unavailability of a stenographic or verbatim transcript of a small claims trial is not grounds for a new trial. Appellant may proceed under CPLR 5525 (subd [d]), which is tailor made for this small claim proceeding. CPLR 5525 (subd [d]) reads: "(d) Statement in lieu of stenographic transcript. Where no stenographic record of the proceedings is made, the appellant, within ten days after taking his appeal, shall prepare and serve upon the respondent a statement of the proceedings from the best available sources, including his recollection, for use instead of a transcript. The respondent may serve upon the appellant objections or proposed amendments to the statement within ten days after such service. *181 The statement, with objections or proposed amendments, shall be submitted for settlement to the judge or referee before whom the proceedings were had.” This procedure allows appellant to prepare an abbreviated statement of the proceedings, and respondent has the corresponding right to make objections or amendments; the court then settles the statement.
This statute, CPLR 5525 (subd [d]), derives from former rule 75 (n) of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix; see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5525.06), which in turn was rewritten as current rule 10 (c) of the Federal Rules of Appellate Procedure (in US Code, tit 28, Appendix).
The Federal rule, as its title suggests, allows a statement of the evidence or proceedings to be prepared by appellant when the transcript is unavailable. It is broad in purpose and is not limited to those instances where a reporter was not present. The preparation of a statement of the evidence may be used when, for any reason, matters that occurred in court are not recorded by the reporter, even to the extent that the reporter fails to hear certain matters, or when it is necessary to make a record of intonations and gestures (9 Moore, Fed Prac [2d ed], par 210.06 [1], pp 1629-1632; p 148). It has been applied to situations where the reporter’s recording discs were melted before their content was transcribed (Murphy v St. Paul Fire & Mar. Ins. Co., 314 F2d 30, 31-32,[2] cert den 375 US 906), and even where the reporter’s inability to complete the transcript for several months made them unavailable (see St. Paul Fire & Mar. Ins. Co. v Arkla Chem. Corp., 431 F2d 959).[3]
CPLR 5525 (subd [d]) requires the initial statement by appellant to be prepared from the "best available sources, including his recollection.” Defendant here is fortunate in that he does not have to rely only on his recollection.
This court has listened to the tapes made at the hearing which comprises less than two sides of a standard 60-minute cassette (approximately 45 minutes). It is true that it would be difficult to transcribe a complete transcript from these tapes. *182 While some voices are quick and. loud, some soft and slow, and v$iile there is some overlapping of voices — inevitable when a single microphone is used to record the voices of many persons —it is this court’s opinion that the evidence of importance has been adequately recorded. Since both parties will have the tapes of the trial to hear all the important points on the evidence and to refresh their recollections, it is evident that CPLR 5525 (subd [d]) may be utilized.
There are inherent difficulties in obtaining a complete verbatim transcript made from a reasonably priced, single microphone tape recorder in the absence of a human reporter.
If the court were to grant new trials on the ground urged, it would be a simple matter for the losing party in each case where the trial is recorded by mechanical device rather than by stenographer to obtain a new trial by filing a notice of appeal and then requesting a transcript. This would render UCCA, § 1802 obsolete and ineffective.
A tape recording, however, still is sufficiently reliable to provide a relatively accurate transcription of the essential evidence, and when used in conjunction with CPLR 5525 (subd [d]), a statement may be prepared which will bring a sufficient record before the appellate courts.
The motion for a new trial is thus denied.

. Professor Siegel noted an anomaly in the statutory pattern in his Practice Commentary to UCCA, § 1802 (McKinney’s Cons Laws of NY, Book 29A, 1978-1979 Supplement, UCCA, § 1802, p 214): "The underlying purpose of this bill is a sound one, but it should perhaps have waited until experimentation with electronic recording devices has reached a more advanced stage in higher courts. It evinces an understandable impatience, however, since stenographic costs in Small Claims context can be grotesque. But in this regard one can point to the irony that in 1975 a Small Claims article was also adopted for the town and village courts, the lowest of the state’s tribunals. These warrant even more expedition and informality and financial assistance than the city courts do, and yet no coordinate amendment has been made in Section 1802 of the UJCA. See L. 1975, c. 177. The upshot is that if stenography is insisted upon it theoretically must be allowed in a town or village court, notwithstanding that the population of the particular municipality may be less than 50,000.”

. "Inability to obtain a stenographic transcript of the evidence is not, standing alone, sufficient to set aside a judgment and grant a new trial.” (314 F2d 30, 32, n 5, supra; where cases are collected.)

. The court noted that an incidental benefit of proceeding by way of abbreviated statement would be a true focusing on the relevant issues (431 F2d 959, 960-961, supra).