Laramie COX, Appellant,

v.

A.V. SMITH, Jr., Appellee.

No. 59020.

Supreme Court of Oklahoma.

June 5, 1984.

Brent D. Coldiron, Sherman, Pool, Amis, Thompson & Coldiron, Del City, for appellant.

A.V. Smith, Jr., pro se.

KAUGER, Justice.

Certiorari has been granted for the purpose of determining whether a narrative statement, drafted by an attorney, properly authenticated, filed timely and served upon a pro se litigant who failed to object or file proposed amendments, should be considered as part of the record on appeal. We find that a pro se party's failure to object or propose amendments to a narrative statement, filed properly under the rules of appellate procedure, 12 O.S.1981, Ch. 15, App. 2, Rule 1.22, does not preclude the inclusion of the narrative statement from the record on appeal.

Laramie Cox, (appellant-driver), brought a small claims negligence action against A.V. Smith, (appellee-farmer). At the trial, the driver was represented by an attorney; the appellee appeared pro se. At the conclusion of the unrecorded hearing, the trial court entered a verdict in favor of the farmer. This appeal was commenced on September 2, 1982 and on September 8, 1982, the driver filed her authenticated nar-

rative statement.[1] The farmer did not object to the statement, nor did he propose any amendments. The Court of Appeals' refusal to consider appellant's narrative statement of the trial court proceedings was apparently based upon a desire to protect the interests of a pro se litigant opposed by retained counsel. The Court of Appeals affirmed the trial court.

## I

### DOES THE INTENTIONAL OR UNINTENTIONAL FAILURE OF A PRO SE LITIGANT TO CONFORM TO THE RULES OF APPELLATE PROCEDURE PREVENT A PARTY FROM PRESERVING THE RECORD FOR THE PURPOSE OF APPEAL?

Rule 1.22 provides that if the trial court proceedings are unrecorded or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means including his/her recollection. The state-

ment must be served on the appellee who may then object or propose amendments within ten days of service. The rule closely tracks 28 U.S.C. 1980, Rules of Appellate Procedure, Rule 10(c).[2] It is broad in scope and is not limited to actions in small claims court or those instances where there is no reporter present. The rule may be used in a variety of situations, including: failure to record instructions to the jury, arguments of counsel, failure of the reporter to hear certain matters, failure to make an adequate record of intonations and gestures, or for any other reason that relevant occurrences in the trial court go unrecorded.[3]

Rule 1.22 thus insures that enough of the proceedings in the trial court are adequately presented on appeal to illuminate the alleged points of error. If the opposing party fails timely to offer objections or amendments, the statement as drafted becomes a part of the official record for use by appellate courts in determining the legal issues raised on appeal.

---

**1.** 12 O.S. 1981, Ch. 15, App. 2, Rule 1.22 provides:

"If no stenographic report of the evidence or proceedings at a hearing or trial was made, or if a transcript of the reporter's notes cannot be prepared, or where the judgment involves an involuntary loss of liberty, personal freedom or incarceration, and where the appealing party is an indigent, the party desiring to take the appeal under these rules (or any other party) may prepare a statement of the evidence or proceedings in the narrative form from the best available means, including his recollection, for use in lieu of a stenographic transcript.

Where no stenographic report was made, this statement shall be filed with the court clerk and submitted to the opposite parties within ten (10) days after the filing of the petition in error; where a transcript of the court reporter's notes cannot be prepared, this statement shall be filed with the court clerk and submitted to the opposite parties within twenty (20) days after the party desiring to appeal discovers that the reporter's notes are unavailable or cannot be transcribed. These time limits may be extended by the trial court for good cause shown. The statement that is filed shall contain a certificate that copies have been submitted to the opposite parties. The opposite parties may object or propose amendments to the statement within ten (10) days after receipt. If there be objections or

proposed amendments, the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement, and as settled included by the clerk in the record on appeal. If no objection is filed within the prescribed time, the clerk shall give notice to the parties and to the clerk of this court that the record is complete and ready for transmission."

**2.** It is provided by 28 U.S.C. 1980, Rules of Appellate Procedure Rule 10(c):

"STATEMENT OF THE EVIDENCE OR PROCEEDINGS WHEN NO REPORT WAS MADE OR WHEN THE TRANSCRIPT IS UNAVAILABLE. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

**3.** *Glass v. Regency Park Assoc.*, 100 Misc.2d 179, 418 N.Y.S.2d 870–71 (1979); 9 *Moore's Federal Practice* § 210.06 p. 10–37–39 (2d ed. 1983).

■ For the appellate court to refuse to recognize a narrative statement which conforms with Rule 1.22 because its inclusion in the record would work an inequity upon a pro se litigant who failed to object or offer amendments to the narrative statement is to reward the pro se party for failure to act and to disregard the Rules of Appellate Procedure. The result overcompensates in favor of the appellee who has the benefits of the strong legal presumptions raised by our case law in support of the judgment while the appellant is forced to appeal on a silent record which he/she is not allowed to supplement.[4] While both our Federal and State constitutions require due process, due process does not require that an appellate court, in the name of equity strip a litigant of the right to present an adequate record on appeal to support allegations of error simply because the other party has not retained counsel.

■ Due process and equity are well served by Rule 1.22 which affords a party an opportunity to avoid a silent record upon appeal while providing a procedure for the opposing party to insure the accuracy of the appellant record. This Court has encouraged and insisted upon the use of a narrative statement to supplement the record on appeal.[5] The narrative statement before us was sworn to[6], timely filed, refers to the rule relied upon[7] and will be considered as part of the record on appeal.

■ Although Rule 1.22 is similar to Federal Rule 10(c), it fails to require that unopposed narrative statements be approved by the trial court. To insure the reliability of the narrative statement, we are adopting the portion of Rule 10(c) which mandates that the statement with any objections or amendments be submitted to the trial court for approval and settlement. The use of a narrative statement may be fraught with pitfalls for the unwary and unsophisticated pro se party. Because the streamlined form-type pleadings furnished by the court clerk to pro se litigants encompass only trial proceedings, the following safeguards are imposed prospectively upon a party seeking to supplement the court record pursuant to Rule 1.22.[8]

1) the narrative statement must be filed with the court clerk within prescribed time frame; or the litigant must be prepared to show affirmatively that the time limits have been extended by the trial court.

2) the narrative statement must be sworn to before an officer authorized by law to administer oaths.

3) the narrative statement on its face must set forth that Rule 1.22 is relied on.

4) the narrative statement must inform the opposing party of the time and method of objection or amendment to the statement.

5) the narrative statement must advise the opposing party of the consequences

---

**4.** Legal error may not be presumed in an appellate court from a silent record. *Hamid v. Sew Original,* 645 P.2d 496–97 (Okl.1982). Absent a showing in the record, it is presumed that the trial court did not err. *Fidelity Laboratories v. Oklahoma City,* 191 Okl. 473, 130 P.2d 834 (1942). On appeal where no evidence indicates otherwise there is a presumption that the judgment of the trial court conforms to the proof present at the trial. *Gilkes v. Gilkes,* 389 P.2d 503 (Okl.1964).

**5.** In review of the trial court's discretionary power to grant a new trial by reason of impossibility to making a case-made this Court has said, "... where it is impossible to prepare a transcript of the proceedings from the reporter's notes or records and a narrative statement is submitted in lieu thereof, it is not the mandato-

ry duty of the trial court to grant or deny a new trial but the trial court should exercise its sound legal discretion and in exercising such discretion it should determine whether the submitted narrative statement clearly delineates the evidence and the issues for review; and if the trial court finds that the narrative statement is of sufficient accuracy and completeness to enable the appellate court to properly review the proceedings a new trial should not be granted." *Turman v. Pruitt,* 397 P.2d 652, 656 (Okla.1964).

**6.** *Hamid,* supra, note 2.

**7.** *Drake v. Drake,* 586 P.2d 742, 744 (Okla.1978).

**8.** Rule 1.22 has also been revised today incorporating those requirements.

of failure to object or move for proposed amendments.

6) the statement, and any objections thereto, or proposed amendments shall be submitted, upon due and advance notice to all parties, to the trial judge for settlement and approval.

## II

### IS THE JUDGMENT SUPPORTED BY SUFFICIENT EVIDENCE?

The driver urges that the trial court erred in finding that the driver failed to establish the farmer's negligence and consequently, in entering judgment for the farmer. This contention would require that we review the evidence. We refuse to do so. The accident occurred when the driver's car ran into the farmer's tractor and disc while the parties were traveling in the same direction on a state highway. The driver admitted in her narrative statement that because the rear of the tractor was equipped with a white light, she became confused and thought the tractor was a vehicle approaching from the opposite direction in her lane of traffic; and that after she took evasive action her car skidded into the slow-moving tractor. We find that reasonable inferences may be drawn from the statement that the collision resulted because the driver was following too closely, and failing to maintain either the proper lookout or the assured clear distance ahead. The findings of a trial court will not be disturbed for insufficient evidence if there is any evidence including any reasonable inferences drawn therefrom to support its finding.[9]

AFFIRMED.

BARNES, C.J., HODGES, LAVENDER, DOOLIN, OPALA, ALMA WILSON, concurring.

SIMMS, V.C.J., concurs in result.

HARGRAVE, J., excused.

9. *West v. Independent School Dist. No. 2 McClain County,* 412 P.2d 185, 188 (Okla.1965);

*Western Steel Erection Co. v. Gatlin,* 319 P.2d 607, 610 (Okla.1957).