MCI TELECOMMUNICATIONS CORP. and US Sprint Communications Co., Appellants,

v.

STATE of Oklahoma, and Oklahoma Corporation Commission, Appellees.

No. 68200.

Supreme Court of Oklahoma.

Oct. 15, 1991.

Rehearing Denied Feb. 4, 1992.

---

3. See footnote one.

Ronald E. Stakem, Betty J. Garrett Pherigo, Mathews, Clark, Stakem & Pherigo, Oklahoma City, for appellant, MCI.

Donald A. Low, Westwood, Nancy M. Thompson, Oklahoma City, for appellant, US Sprint.

Lindil C. Fowler, Jr., Gretchen P. Hoover, Jane P. Olson, Leslie Wilson Pepper, Maribeth D. Snapp, Lu Willis, Oklahoma Corp. Com'n, Oklahoma City, for appellee, Oklahoma Corp. Com'n.

G. Michael Bauer, Nancy L. Coats, Oklahoma City, for appellee, Southwestern Bell Telephone Co.

Ron Comingdeer, Oklahoma City, William G. Mundy, Glenda R. Beard, Irving, for appellee, General Telephone Co. of Southwest.

William L. Anderson, Cody B. Waddell, Anderson & Waddell, P.C., Oklahoma City, for appellees, Oklahoma Communication Systems, Inc., Oklahoma Alltel, Inc., Chickasaw Telephone Co., Pine Telephone Co.

ALMA WILSON, Justice:

When the federal courts ordered the break up of the Bell System in 1982, the nation was divided into "Local Access and Transport Areas" (LATAs).[1] The judgment reorganized AT & T, divested its regional Bell operating telephone companies, and limited the Bell operating telephone companies [2] to providing long distance toll service within a LATA. Oklahoma consists of two major LATAs which approximate the 918 and 405 area code boundaries. Telephone service between LATAs could be provided only by interexchange carriers such as MCI, US Sprint, or AT & T Communications of the Southwest.

On December 7, 1983, MCI filed an application with the Corporation Commission for a certificate of public convenience and necessity to offer interLATA and intraLATA services in Oklahoma. At the request of the local exchange companies (such as Southwestern Bell), the Commission severed and deferred MCI's application for authority to provide intraLATA service by an order dated February 6, 1984. MCI was certified to provide interLATA service on

January 11, 1985. GTE Sprint, the predecessor to US Sprint, was granted the authority to operate intrastate interLATA services on March 1, 1985. The order that permitted MCI to provide service contained provisions relating to blocking or compensating local exchange companies for unauthorized intraLATA calls. The later part of the order was appealed by MCI to this Court, case No. 63,807, on February 11, 1985.

While the appeal was pending, the Corporation Commission announced on June 24, 1985, that blocking or compensating would be studied. Therefore the parties to the appeal agreed to a stipulation which resulted in MCI's dismissal of its appeal. The June 24, 1985, order entitled "Notice of Inquiry," Cause No. 29688, stated that the interexchange carriers had been certified to provide only interLATA service in Oklahoma, but were unable to prevent subscribers from placing intraLATA calls. The order indicated that the subject of the inquiry was to be whether such intraLATA traffic should be blocked, or whether the local exchange companies should be compensated, and if so, what the method of compensation would be.

After a four day hearing, the Corporation Commission issued Interim Order No. 307565, which on January 9, 1987, ordered the interexchange companies to block intraLATA calls or compensate the local exchange companies based upon the *local exchange companies'* average billed revenue per minute of use, which amount is to be reduced for access charges paid by the interexchange companies. Any interexchange carrier reporting less than one-half percentage of its total intrastate minutes of use as intraLATA is not subject to the block or compensate requirement. Both MCI and Sprint appealed. MCI applied for a stay of the order until the Commission reached a decision on MCI's application for intraLATA certification or until the completion of this appeal. In a supplemental brief

1. *United States v. American Tel. & Tel. Co.,* 552 F.Supp. 131 (D.D.C.1982), *aff'd sub nom. Maryland v. United States,* 460 U.S. 1001, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983).

2. Southwestern Bell Telephone Company is one of the Bell operating telephone companies.

filed February 6, 1989, MCI included a copy of the Commission's Order No. 334156, which granted a stay to MCI and Sprint contingent upon a suspending bond. But in regards to MCI's request for authority to provide intraLATA long distance service, the Commission made the following comment:

The Commission is very aware that consideration of allowing intraLATA competition will involve questions going well beyond whether or not MCI's authority will be expanded; it will encompass just about every phase of regulatory policy for telecommunications which has been developed over the years. Unfortunately, the limitations of time, staff and other resources, as well as the commitment that all issues in any case be thoroughly investigated and all parties allowed to fully develop the pertinent information, just do not permit the Commission to undertake this investigation at this time. Therefore, the Commission finds, upon balancing the need to undertake an investigation into this issue and the need to efficiently manage the remainder of the Commission's responsibilities, that MCI's request that the Commission begin immediate consideration of intraLATA competition should be denied at this time.

(Page 3 of Exhibit "A", "Application to Supplement the Record and for Leave to File a Supplement to the Brief of Appellant, MCI Telecommunications Corporation.") The Court of Appeals vacated the order and remanded the cause to the Commission. We have previously granted certiorari.

Two basic issues are presented in this cause. The first requires this Court to determine if the Corporation Commission should have been required to hear the applications of MCI and Sprint to obtain a certificate to compete with the local exchange companies by providing intrastate and intraLATA telephone service. The second basic issue requires us to review the Corporation Commission's order to block or compensate and determine if the Commission regularly pursued its authority in arriving at the conclusion that the interexchange carriers must either block intra-

LATA calls or compensate the local exchange carriers for the intraLATA calls carried by the interexchange carriers. We hold that whether the Commission should be required to hold hearings on intraLATA competition is beyond the scope of this appeal and that the Commission's order to block or compensate was pursuant to its authority.

## I. THE INDEFINITELY POSTPONED HEARING ON INTRALATA COMPETITION

█ MCI initially argues that it has been deprived of liberty or property without due process of law in violation of the constitutions of the United States and Oklahoma by the Commission's failure to conduct a timely and appropriate hearing on its December, 1983, application for certification to provide intrastate intraLATA telephone service within Oklahoma. The Corporation Commission brief claims that this argument is merely an attempt to bootstrap a stale appeal to a timely one. The brief noted that the Commission issued a final order in MCI's certification case, Cause No. 28713, sustaining Southwestern Bell's motion to sever and defer the issue of intrastate intraLATA competition. The Commission's brief argues that MCI cannot now appeal this decision to this Court. MCI answers that such a decision is not a final decision.

We have examined the notice of inquiry of June 24, 1985, Cause No. 29688, which set the hearing; and the June 27, 1985, hearing which recognized the parties, set the procedures for testimony and the issues to be heard. The notice and the June 27 hearing reveals that granting MCI a hearing on intraLATA competition was not one of the issues. Although the Corporation Commission in its order mentions that consideration of intraLATA competition was not appropriate at this time, such an issue was clearly collateral to this hearing. If MCI were granted the authority by the Corporation Commission to compete with the local exchange carriers within a LATA, such authority would dispose of the issue of blocking or compensating. However,

the issues in this hearing involved the interexchange carriers, of which MCI is one, and companies which had applied to carry telephone calls between LATAs. To decide if MCI is entitled to an immediate hearing because there has been a lengthy delay from the time of its application would be premature as the issues and the evidence have not been fully developed.[3]

## II. THE ORDER TO BLOCK OR COMPENSATE

When AT & T was divested of its regional Bell operating telephone companies, those companies were ordered to convert the local exchange networks to be able to provide other common carriers besides AT & T with equal access to those networks.[4] The court stated that disparities in interconnection were to be eliminated so that all interexchange service providers would be able to compete on an equal basis.[5] By September 1, 1986, the Bell operating companies were to have provided access services to the interexchange carriers which were equal in type, quality and price.[6] The problem of the unauthorized intraLATA calls occurs because the interexchange carriers connect with end offices which have not been converted to equal access. The carriers connect to the local network by subscribing to Feature Group A (FGA) and Feature Group B (FGB) access from the local exchange carriers such as Southwestern Bell. In the non-equal access end offices, AT & T is connected to the local network by Feature Group C (FGC). In the end offices of the local exchange carriers that have converted to equal access,

FGA, FGB and Feature Group D (FGD) are available to the interexchange carriers. FGD is the same as FGC. The problem of the FGA and FGB connections is that they cannot automatically divert intraLATA traffic to the local exchange carriers' network. The superior connections available to AT & T allow for such a diversion of telephone traffic.

The appellants complain that the intrastate intraLATA calls that are improperly carried through their systems is a problem the appellants did not create. Where equal access is not available, the appellants have no choice but to carry the intraLATA calls even though they have no certification from the Corporation Commission to carry such traffic. They argue that the intraLATA calls they carry are incidental because the problems are caused by inferior services provided to them and by customers who use the system in a way that is unauthorized. Consequently, the appellants state they are without fault and should not be penalized by being forced to block their calls, thereby inconveniencing their customers and making AT & T appear to be a superior carrier, or by compensating through a formula which gives the local exchange carriers their customary rate without a deduction for the costs the local exchange companies incur when those companies do their own billing.

Southwestern Bell alleges that the unauthorized intraLATA calls carried by the appellants is substantial, between eleven and fourteen percent of the traffic carried by the appellants.[7] Such substantial unau-

3. This holding does not leave MCI without recourse. Article 9, § 20 of the Constitution of Oklahoma provides that writs of mandamus shall lie from the Supreme Court to the Corporation Commission in all cases where such writs would lie to any inferior court or officer. This Court has held that it had jurisdiction to issue a writ of supervisory control requiring the Corporation Commission in a case pending before the Commission, to hear, try, consider, and finally determine the issues there involved. *McAlester Gas & Coke Co. v. Corporation Comm'n,* 101 Okla. 268, 224 P. 698, 700 (1924); *see also State ex rel. H.F. Wilcox Oil & Gas Co. v. Walker,* 168 Okla. 543, 35 P.2d 269, 272 (1934) (writ of mandamus granted that ordered Corporation Commission to grant an oil producer a hearing).

MCI could have at any time since their application to the Corporation Commission was deferred, applied to this Court for a remedial writ. MCI still may apply for such a writ.

4. *See United States v. American Tel. & Tel. Co.,* 552 F.Supp. at 195–200.

5. *Id.* at 195.

6. *Id.* at 196.

7. January 9, 1987, order of the Corporation Commission: *In re: Inquiry of the Oklahoma Corporation Commission Concerning Blocking of Unauthorized IntraLATA Traffic, Compensation for Unauthorized IntraLATA Traffic and Meth-*

thorized calling is claimed to be damaging to the local exchange companies who are limited to carrying the intraLATA calls. The local exchange companies claim that this results in loss of revenue to them and increases the burden on these companies and alleges a financial burden on their customers.

The essence of the argument between the local exchange carriers and the interexchange carriers appears to be who should get the revenue from the unauthorized intraLATA calls made through the interexchange carriers when each claim that the problem is the fault of the other. To this argument the Corporation Commission answered:

> The issue of the type of connections the OCCs [Other Common Carriers] should have with the local exchange telephone system in this country was never before this Commission. This Commission is faced with a situation not of its making. Any decision herein will not be based on any equitites grounded in fault or who is responsible for the situation, but upon this Commission's responsibility to provide an environment in which all telephone companies under its jurisdiction shall be encouraged to provide the best telephone and telecommunications service to the greatest number of the citizens of Oklahoma at the most reasonable rates possible. To this end, the Commission has encouraged competition for interLATA services, and, by streamlining regulation of those operations, has allowed market forces to exert their influence for the benefit of the consumers.[8]

The Commission stated that its purpose of requiring blocking or compensating was to enforce its allocation of service territories within this state and to allocate revenues for service to the proper certificated carriers. To the argument of the interexchange carriers that the access charges were sufficient to compensate the local exchange carriers, the Commission answered that by merely paying access charges there was no incentive for the interexchange

carriers to stop the unauthorized use of their networks, and would be tantamount to authorizing the interexchange carriers to provide intraLATA service. The Commission stated that the compensation method chosen by the Commission provided a reasonable, fair and efficient method of calculating the amount of compensation, was not unreasonably burdensome to the interexchange carriers, and approximated the toll revenues lost to the local exchange carriers by the unauthorized use. The Commission considered this a trial plan to be re-examined from time to time. It stated that if, after the plan was in effect, there appeared to be a substantial distortion, an affected party could present supporting documentation and move to reopen the cause.

The appellants have made numerous assignments of error. These may be summarized as follows: blocking and compensating are impermissible burdens on interstate commerce; blocking is unfeasible and discriminatory; compensating is contrary to law because it is beyond the authority of the Corporation Commission; the method of compensation is unfair.

## A. THE ORDER TO BLOCK OR COMPENSATE DOES NOT RESULT IN AN IMPERMISSIBLE BURDEN ON INTERSTATE COMMERCE.

■ MCI's expert witness testified to five different methods which could be used by an interstate caller that would cause MCI to be unable to discern whether a toll call originated in Oklahoma or out of state. The same set of facts would preclude MCI from knowing whether a call was intraLATA or actually interLATA. MCI accordingly argued that blocking could result in properly placed calls that were interstate or interLATA from being blocked as though they were intraLATA calls. They conclude that blocking is an impermissible burden on interstate commerce. In its order, the Corporation Commission answered these concerns by observing that the orders certifying the interLATA carriers had

*ods For Verifying Intrastate Traffic,* Cause No. 29688, Order No. 307565, page 5.

**8.** *Id.* at 8.

provided for the exclusion of interstate calls that might appear on the carrier's records as intrastate calls for jurisdictional purposes. The Commission stated that the duty was placed on the carriers to identify this traffic and bring it to the attention of the Commission for exclusion from the carrier's Oklahoma records. It found that to the date of the order, no carrier had identified any such calls and the Commission concluded that the concern was only theoretical. The testimony of MCI's expert supports the Commission's conclusion.

Neither of the appellants have asserted a violation of one of their rights under the Constitution of the United States or the Constitution of the State of Oklahoma with regards to blocking being a burden on interstate commerce. Accordingly, our review of this issue will be judicial only and "shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence." Okla. Const. art. 9, § 20; *In re Valliant Tel. Co.*, 656 P.2d 273, 275 (Okla. 1982). Because there is no evidence other than speculation that blocking will interfere with interstate commerce, we hold that the findings and conclusions of the Commission with regard to this issue are sustained by the law and substantial evidence.

## B. THE CORPORATION COMMISSION IS WITHIN ITS AUTHORITY TO ORDER BLOCKING AS AN ALTERNATIVE TO COMPENSATION.

■ MCI argues that if its intraLATA calls are blocked while AT & T's calls are diverted, as the result of having the superior FGD connection, to the local exchange carrier's network, MCI will be perceived as being an inferior network. MCI argues that AT & T will be perceived as being capable of completing intraLATA calls even though the calls are actually transferred to the local exchange carrier. Sprint argues that because the necessity for blocking will decrease as equal access is added, costs incurred to install blocking

equipment would be inadvisable as the equipment would soon be rendered obsolete. Sprint also argues that blocking would cause confusion to customers who do not readily appreciate the difference between making interLATA long distance calls and intraLATA long distance calls. Finally, Sprint argues that blocking would result in greater costs to the local exchange companies, which would be passed on to customers, because an additional call would have to be made, after the first is blocked. Sprint claims that every party except Southwestern Bell took the position that requiring blocking of intraLATA traffic over FBA or FGB interconnections would not be feasible and should not be adopted by the Commission.

The short answer to these concerns is that if the problem is temporary, then the appellants have the alternative choice to compensate the local exchange carriers for the unauthorized intraLATA calls. One of the concerns of the Commission was that the situation may not be as temporary as it was led to believe. Accordingly, many of the arguments against blocking would fail. Again we find that the findings and conclusions of law of the Commission with regard to this issue are sustained by the law and the substantial evidence.

## C. ORDERING THE INTEREXCHANGE CARRIERS TO COMPENSATE THE LOCAL EXCHANGE CARRIERS FOR UNAUTHORIZED INTRALATA CALLS IS NEITHER UNLAWFUL NOR BEYOND THE AUTHORITY OF THE COMMISSION.

MCI asserts that the Commission exceeded its lawful authority by ordering compensation. MCI regards the compensation order as neither a rate order nor an authorized fine or penalty, but as a form of money judgment granted as an adjudication of a purely private dispute for a claimed loss of profits. We cannot agree with the conclusions of MCI.

We are unable to discern how MCI is able to characterize the order as an adjudication of a purely private dispute when the order affects all interexchange carriers, all

local exchange carriers, and ultimately impacts the citizens of this state. Whether or not the actions of the appellants in handling intraLATA calls are inadvertent, the appellants are nevertheless carrying calls that they are not authorized to carry. The statutes provide that an extension of telephone service shall be unlawful unless a party first obtain a certificate that the present or future public convenience and necessity require or will require the operation of such an extension. 17 O.S.1981, § 131. The facts of this case do not fall within an exception to that statute.

Providing for charges *in the event* that interexchange companies carry unauthorized intraLATA calls which exceed one-half percent of their total calls must be inherent in the Commission's authority to enforce its rulings under the state's constitution and statutes. Although the local exchange carriers, private companies, may be the beneficiaries of the order of the Commission, this dispute does not become private as the result of such an order. Those same carriers also benefit from their present certificates to carry intraLATA calls, but an order protecting those certificates does not become a private dispute merely because it benefits private parties. Those certificates were awarded for the ultimate benefit of the public and not for the ultimate benefit of the private parties.

## D. THE METHOD OF COMPENSATION ORDERED BY THE CORPORATION COMMISSION IS PURSUANT TO ITS AUTHORITY AND IS SUSTAINED BY THE LAW AND EVIDENCE.

■ The appellants contend that the Commission's method of determining the compensation formula was unfair because it did not reduce the rate to be paid by the expenses of collection which the local exchange carriers incur in billing their customers. The Commission decided that the interexchange carriers should pay the rate which the local exchange carriers charge for intraLATA calls less the access charges paid by the interexchange companies. The order of the Commission reveals that it considered the argument of the appellees and rejected it.

■ As we have stated in this opinion, article 9, § 20 of our Constitution provides that in a case not involving a constitutional issue, our review shall be judicial only and not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence.[9] Determining whether the Commission's findings are supported by substantial evidence does not require that the evidence be weighed, but only that the totality of the record be examined and the proof found to be "more than mere scintilla."[10] The Commission's findings are presumed correct in matters it frequently adjudicates and in which it possesses expertise.[11] The Commission has wide discretion in the performance of its duties and this Court may not substitute its judgment on disputed questions of fact unless the findings are contrary to law or unsupported by substantial evidence.[12]

Upon review of the totality of the record, we find that the compensation formula ordered by the Commission is supported by substantial evidence. We hold that the Commission determined the method of compensation pursuant to its authority and that the order is not contrary to the law or evidence.

THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE ORDER OF THE COMMISSION IS AFFIRMED.

OPALA, C.J., and LAVENDER, DOOLIN, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

---

9. *Application of Valliant Tel. Co.,* 656 P.2d at 275.

10. *Teleco, Inc. v. Corporation Comm'n,* 653 P.2d 209, 212 (Okla.1982).

11. *Id.*

12. *Id.*

SIMMS, J., concurs in part, dissents in part.

HODGES, V.C.J., disqualified.