1999 OK 66

**Tim L. SOLDAN, Plaintiff/Appellee,**

v.

**STONE VIDEO d/b/a PC Tech, Defendant/Appellant.**

No. 89,616.

Supreme Court of Oklahoma.

July 6, 1999.

E. Taylor Poston, Oklahoma City, Oklahoma, for plaintiff/appellee.

John B. Davis of John B. Davis, P.C., and Mark D. Mitchell of Mark D. Mitchell, P.C., Oklahoma City, Oklahoma, for defendant/appellant.

LAVENDER, J.

¶ 1 The case before the Court presents no questions of law which are not already addressed by Oklahoma's extant jurisprudence. The dispositive issue is whether the trial court erred in its denial of Stone Video d/b/a PC Tech's [employer or Stone] motion for new trial. The basis of Stone's motion is that the small claims judgment rendered below was "clearly against the weight of the evidence."

I

**PROCEDURAL HISTORY AND FACTS**

¶ 2 Soldan [employee or plaintiff] brought a small claims action to recover unpaid wages and commissions. In early 1997 Sol-

dan made demand on employer for a salary increase. When Stone refused to enhance Soldan's remuneration, he tendered his resignation, effective February 15, 1997. After February 15th Stone forwarded employee his final check in the amount of $1,391.48—this sum represented $1,000 for the last half of February plus earned commissions. Then employer stopped payment on the payroll check asserting (1) that it was issued in error because no wages were due employee for the last half of February and (2) that Stone's payroll operation had mistakenly failed to deduct certain offsets from Soldan's earned commissions.[1] Employee brought a small claims action after Stone denied liability for the $1,000 in wages.

¶3 At trial Soldan testified that under his employment agreement's terms once the store which he managed exceeded $7500 in gross profit in a given month, he was guaranteed $2,000 as base pay. Employee also testified that he exceeded the $7500 figure during the first two weeks of February, i.e., before February 15th—his last day of active employment. [This was not refuted.] Hence, employee asserted at trial that he had earned the full $2,000 base salary for February by the time that he left active employment with Stone. Lastly, Soldan testified that a marketing video which employer used on local television until March 1st contained his image and argued that this further entitled him to compensation for the balance of February.

¶4 Employer proffered evidence that Soldan always received $2000 a month as a guaranteed base salary and that after employee's store exceeded $7500 a month in gross profits, he was entitled to commissions that were computed on a sliding scale, dependent on the amount of gross profits earned in the store which Soldan managed. The narrative statement of the small claims hearing also evidences that employer by letter to Soldan, dated March 26, 1997, identified (without further documentation) those amounts which it deemed available to itself to offset any commissions which it owed to employee.[2]

¶5 After hearing the evidence the trial court entered judgment for Soldan in the amount of $1,391.48. Stone then brought a motion for new trial which was denied and this appeal ensued.

## II

### THERE IS COMPETENT RECORD EVIDENCE TO SUPPORT THE TRIAL COURT'S JUDGMENT

¶6 The Small Claims Procedure Act provides that actions brought under its terms are to be tried to the court when the amount in controversy is less that $1500.[3] In the non-jury trial mandated by this provision the district court[4] judge sits as a trier of fact. In a non-jury trial the court's findings are entitled to the same weight and consideration that would be given to a jury's verdict.[5] The trial court's findings will not be disturbed for insufficient evidence if there is any competent evidence—including reasonable inferences deraigned by the same—to support them.[6] Finally, the Court in its review of a trial court's denial of a motion for new trial is mindful that a trial court is vested with broad discretion in granting or denying such a request. Without evidence that the trial court erred in its resolution of a question of law or acted arbitrarily, the Court will not disturb a judgment on appeal.[7]

1. Neither party disputes that $391.48 in commissions were due Soldan.

2. The record also reflects an earlier letter, dated March 18, 1997, which Stone sent to Soldan that identified a potential offset of $55.00—the amount represented one third of the production costs for a marketing video which Stone had made and which used the employee's image.

3. 12 O.S.1991 § 1761. *See also Royalpark–Moore v. Hubbard,* 1973 OK 10, 508 P.2d 1064.

4. Any action brought under the Small Claims Procedure Act, 12 O.S.1991 §§ 1751 et seq., may be heard by any district court judge. Hence, a judgment entered in small claim cases is a judgment of the district court and any appeal therefrom is taken directly to the Supreme Court. *See Black v. Littleton,* 1975 OK CIV APP 1, 532 P.2d 486, 487.

5. *Western Steel Erection Company v. Gatlin,* 1957 OK 322, 319 P.2d 607, 610. *See also Maras v. Smith,* 1966 OK 231, 420 P.2d 483, 484 syl.4.

6. *Cox v. Smith,* 1984 OK 34, 682 P.2d 228, 232.

7. *Poteete v. MFA Mutual Ins. Co.,* 1974 OK 110, 527 P.2d 18, 22.

¶ 7 The primary issue below was how to characterize the salary provisions of the employment contract which existed between employer and Soldan. Two plausible theories were presented at trial. Employee contended that once the store which he managed earned a threshold sum of $7500 dollars in gross profits during a month he was guaranteed $2000 in base pay. Employer counters that Soldan was always paid $2000 per month as base salary and simply received commissions on those amounts of gross profits in excess of $7500. Employer's logic was that since Soldan left employment in the middle of a month, he was not entitled to compensation for the last of that period. The agreement [a copy of which appears at page 34 of the record] is sparse. Its terms are consistent with the employer's theory but neither refute nor are irreconcilably inconsistent with employee's understanding of how he earned his base salary. Also, there is nothing in the record to refute that the store (which Soldan managed) earned the required $7500 in gross profits *during the first two weeks* of February. The fact that employee was paid on the 5th and 20th of a month is not—as employer would have the Court believe—probative of how the base salary was earned but rather of how it was paid.

¶ 8 The record reflects competent evidence which supports the trial court's judgment in this matter. Although the trial judge's view of the evidence was contra to the legal theory advanced by employer, there is nothing in the record to demonstrate that in doing so he abused his discretion or resolved the legal issues before him in a manner inconsistent with Oklahoma's extant jurisprudence.

¶ 9 For the foregoing reasons,

THE DISTRICT COURT'S JUDGMENT IS AFFIRMED.

¶ 10 All Justices concur.

