2001 OK CIV APP 112

Bob BRICE, Plaintiff/Appellee,

v.

AT & T COMMUNICATIONS, INC.,
Defendant/Appellant.

No. 94,613.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Aug. 17, 2001.

As Corrected Aug. 22, 2001.

Brent M. Johnson, Fellers, Snider, Blakenship, Bailey & Tippens, Oklahoma City, OK, for Appellant.

Rex Faulkner, Faulkner Law Firm, Enid, OK, for Appellee.

JOPLIN, Judge:

¶ 1 Defendant/Appellant AT & T Communications, Inc. (AT & T) seeks review of the trial court's order granting judgment to Plaintiff/Appellee Bob Brice (Brice) in his small claims action seeking relief under the Oklahoma Consumer Protection Act (OCPA), 15 O.S. 751, et seq. In this appeal, AT & T challenges the trial court's judgment as affected by error of both law and fact. Having reviewed the record and authorities, we agree with AT & T, and hold the order of the trial court should be reversed.

¶ 2 Brice lives in Enid, Oklahoma. Prior to November 1999, Southwestern Bell Telephone provided Brice both local toll and toll-free telephone service. Southwestern Bell charged no additional fees, beyond the basic monthly service charge, for calls made within the local service area.

¶ 3 In November 1999, AT & T became Brice's provider of local toll service. AT & T charged a fee for all long distance and local toll calls routed through it's network, i.e., whenever a consumer dialed the prefix "1," and even if the number was within the consumer's otherwise toll-free local service area.

¶ 4 During November and December, 1999, Brice used his computer to connect to the Internet through an internet service provider (ISP) located within his toll-free local service area. However, AT & T billed Brice for $185.00 in toll charges for the calls to his local ISP routed through AT & T's network.

¶ 5 Brice disputed the charges by AT & T, and refused to pay. AT & T eventually referred Brice's account for collection, and the charges remained unpaid.

¶ 6 Brice subsequently commenced the instant small claims action against AT & T. At trial, Brice asserted he spent several frustrating hours trying to resolve the issue with AT & T without relief, and that AT & T's practice of billing customers for local, toll-free calls injured consumers, for which he claimed damages and attorney's fees under the OCPA. AT & T defended, arguing that Brice must have dialed the prefix "1" to connect to his ISP,[1] and that therefore, Brice properly owed AT & T for calls routed through its network.

¶ 7 On consideration of the evidence, the trial court found Brice failed to present evidence justifying an award of actual damages. However, the trial court found AT & T's custom of charging for an otherwise toll-free local call simply because the consumer dialed the "1" prefix constituted an unfair trade practice, that AT & T appreciated the situation but did nothing except to continue billing consumers, and that AT & T's actions were "unconscionable" as contemplated by the OCPA. *15 O.S. 761.1* (B). Pursuant to § 761.1(B), the trial court consequently awarded Brice statutory damages of $2,000.00, plus court costs and attorney's fees. AT & T appeals.

 ¶ 8 As a preliminary matter, we note the district court judge sits as the trier of fact in Small Claims Court. *12 O.S. 1761.* In a non-jury trial, the court's findings are entitled to the same weight and consideration that would be given to a jury's verdict, and the trial court's findings will not be disturbed if there is any competent evidence, including reasonable inferences, to support them. *Soldan v. Stone Video,* 1999 OK 66, 988 P.2d 1268.

 ¶ 9 On appeal, AT & T challenges the trial court's judgment under the OCPA in the present case.[2] On this issue, AT & T argues it is regulated by the Oklahoma Corporation Commission and, therefore, exempt from lia-

bility under the OCPA. *15 O.S. 754* (2). That section provides in pertinent part:

¶ 10 Nothing in this act shall apply to:

. . .

Actions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States, . . . .

¶ 11 The Oklahoma Constitution, Article IX, § 18, charges the Corporation Commission with "the power and authority and . . . duty of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in *all matters relating* to the performance of their public duties and *their charges therefor,* and of *correcting abuses* and preventing unjust discrimination and extortion by such companies." (Emphasis added.) The Oklahoma Administrative Code subjects Interexchange Telecommunications Carriers (IXC) who provide local exchange service—such as AT & T—to the Commission's rules and regulations governing telecommunications service providers generally. Oklahoma Administrative Code § 165:55–1–1 (Amended 1999). The Oklahoma Administrative Code also specifically directs resolution of telephone billing disputes before the Corporation Commission:

¶ 12 Billing disputes

(a) In the event of a dispute between an end-user and a telecommunications service provider, the telecommunications service provider shall make such investigation as is required by the particular case, and report the results thereof to the end-user.

(b) In the event the dispute is not resolved, the telecommunications service provider shall inform the end-user that the end-user may utilize the complaint procedures of Commission's Consumer Services Division . . . .

(c) When a complaint has been made with the Commission's Consumer Services Division, the telecommunications service pro-

---

1. There is conflicting testimony whether Brice's computer dialed the prefix "1" when attempting to connect to the local ISP.

2. Although AT & T did not challenge jurisdiction below, to the extent AT & T's argument chal-

lenges the trial court's subject matter jurisdiction, we find the issue permissibly raised for the first time here on appeal. *Shaffer v. Jeffery,* 1996 OK 47, ¶ 7, 915 P.2d 910, 913.

vider shall be required to forego disconnect procedures on account of nonpayment of any portion of accumulated disputed charges pending investigation by the Commission's Consumer Services Division. The end-user shall be required to pay the undisputed part of the bill, and if not paid, the telecommunications service provider may discontinue service.

OAC § 165:55-9-5.

¶ 13 In this respect, Brice asserts AT & T waived review of the billing dispute by the Commission for failure to comply with the investigation and notice-of-remedy provisions of § 165:55-9-5. However, we hold any failure of AT & T to notify Brice of his administrative remedy does not divest the Commission of its regulatory authority over IXCs like AT & T, or its primary jurisdiction under the OAC to resolve billing disputes between an IXC, subject to regulation as a telecommunications provider, and consumers.

¶ 14 The power to regulate IXC rates and charges is clearly within Commission's constitutional jurisdiction. *MCI Telecommunications Corp. v. State of Oklahoma*, 1991 OK 86, 823 P.2d 351. Although Brice framed his complaint as one under the OCPA, the claim actually presents a billing or rate dispute within the primary jurisdiction of the Commission. *See, QCC, Inc. v. Hall*, 757 So.2d 1115 (Ala.2000); *D.J. Hopkins, Inc. v. GTE Northwest*, 89 Wash.App. 1, 947 P.2d 1220 (Wash.App.1997). Under the facts and circumstances of the present case, because the Commission possesses primary jurisdiction to regulate AT & T's rates and to resolve telephone billing disputes, we hold AT & T is exempt from liability under the OCPA. *15 O.S. 754* (2).

¶ 15 The order of the trial court granting judgment, costs and attorney's fees to Brice is consequently REVERSED.

¶ 16 ADAMS, P.J., and JONES, J., concur.