2013 OK CIV APP 12

**George JONES, Jr., Plaintiff/Appellee,**

v.

**UNION MUTUAL INSURANCE COMPANY, Defendant/Appellant.**

**No. 110,205.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 21, 2012.

---

Ron Williams, Lawton, Oklahoma, for Plaintiff/Appellee.

David B. Donchin, Kaci L. Trojan, Oklahoma City, Oklahoma, for Defendant/Appellant.

ROBERT D. BELL, Presiding Judge.

¶ 1 In this small claims action, Union Mutual Insurance Company (Union), appeals from a judgment in favor of George Jones, Jr. (Jones), interpreting coverage under a policy of insurance for theft of personal property as a result of a burglary. We reverse the trial court's judgment.

¶ 2 Jones purchased an insurance policy in February 2007 described as a "Home Property Policy" covering his property located in Comanche County. The policy expressly covered "Burglary Damage". The policy was mailed to Jones in March 2007, but at trial, Jones testified he never received a copy of the policy. When asked if he had seen a copy of the policy before, Jones testified, "Yes, in (sic) years ago but things change from year to year." The record testimony demonstrates the policy Jones purchased was different from a "homeowners insurance policy" because it provided fewer covered perils, specifically did not offer theft as a covered peril and was cheaper. This policy was an "HP Form 2" policy.

¶ 3 The evidence showed Jones had an HP Form 1 policy in early 2004, but that policy lapsed for non-payment of premium. The evidence further demonstrated neither policy form provided for theft as a covered peril and that theft coverage was not available in any "HP" contract. Union's claim representative testified these policies did not provide coverage for theft, larceny or burglary. A regular "HO" homeowners policy was available that did cover theft but Jones did not purchase that coverage. There was evidence Jones had carried a regular HO policy with theft coverage sometime in the past. Testimony described Burglary Damage to mean direct damage to "door, lock on the door". Vandalism damage done within the house was also a covered peril. Jones' only recollection as to these policy distinctions was that, "He (agent) present me the prices and the coverage. I picked the one at the lowest cost. That's because we all poor and trying to get the best for the mostest (sic) with the leastest (sic) so I picked that policy."

¶ 4 A burglary occurred by forced entry in 2010. Damage to the door and lock were less than the deductible and Jones' claim for around $6,000 of stolen property was denied. Jones filed a small claims case. After trial with sworn testimony, judgment was entered in Jones' favor for the small claims statutory limit at the time of $6,000. Union appeals.

¶ 5 As mandated by the Small Claims Procedures Act, 12 O.S.2011 § 1751 *et seq.*, the assigned judge in a small claims case is the trier of fact in a non-jury case. *See* § 1761. The court's findings in a non-jury case are entitled to the same weight and consideration that would be given to a jury's verdict; thus, its findings will not be disturbed for insufficient evidence if there is any competent evidence, including reasonable inferences derived therefrom, to support such findings. *Soldan v. Stone Video,* 1999 OK 66, ¶ 6, 988 P.2d 1268, 1269. However, insurance coverage interpretation rulings are matters of law to be determined by *de novo* review, without deference to the trial court's ruling. *Young v. Macy,* 2001 OK 4, ¶ 9, 21 P.3d 44, 47. Whether or not a coverage provision is ambiguous is determined as a matter of law. *Dodson v. St. Paul Ins. Co.,* 1991 OK 24, ¶ 12, 812 P.2d 372, 376. "The terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at the time the contract was negotiated." *Id.* We find the policy at issue herein is unambiguous and therefore reverse the trial court's judgment.

¶ 6 The covered peril at issue in this case provides:

9. **Burglary Damage**—This means damage to covered property caused by burglars. However, **we** do not pay for loss on the **insured premises** if the residence is vacant for more than 30 days in a row just before the loss. A residence being built is not vacant. (Emphasis In Original)

This language is only susceptible to one reasonable construction. Coverage is limited to actual damage done to just the "Coverage A—Residence" or the "Coverage B—Related Private Structures" sections as Union argues. We therefore reject Jones' argument that the first sentence covers damage in the form of theft loss to "Coverage C—Personal Property."

¶ 7 We hold this provision is unambiguous as a matter of law. Had Jones read the policy, we hold he could not reasonably expect the policy to provide coverage for personal property theft loss. The trial court's judgment is therefore reversed.

¶ 8 REVERSED.

MITCHELL, J., concurs.

HETHERINGTON, J., dissents.